FIFTH NATIONAL BANK OF CHICAGO *vs.* BENJAMIN F. BAYLEY.

Suffolk.　Nov. 14, 1873. — June 18, 1874.　ENDICOTT & DEVENS, JJ., absent.

Where a draft is drawn by the shipper of goods on the consignee, and a bill of lading by which the goods are deliverable to the order of the shipper, and which is indorsed to the consignee, is attached to the draft and delivered to the bank discounting the draft, as collateral security for the money advanced, such delivery transfers a special property in the goods to the bank and gives it a right of immediate possession sufficient to enable it to maintain replevin against the shipper and any one attaching the goods as his property; and the consignee has no right of property in the goods, nor right of possession of them, except upon payment of the draft.

REPLEVIN of four hundred barrels of flour. In the Superior Court judgment was ordered for the plaintiff on agreed facts in substance as follows, and the defendant appealed to this court.

On June 5 and 6, 1871, R. H. Sage owned and shipped at Chicago for Boston five hundred barrels of flour by bills of lading whereby the flour was deliverable to his own order. On the same days he made drafts in favor of I. G. Lombard, the plaintiff's cashier, upon E. Williams & Company, Boston, one for $1800, and the other for $1000, and attached the bills of lading thereto, and indorsed on each bill of lading, " Deliver the within to the order of E. Williams & Co. R. H. Sage," and delivered the bills of lading to the plaintiff as collateral security for the payment of the said sums which the plaintiff advanced him thereupon. The plaintiff then forwarded all the papers to Boston for collection.

These drafts were duly presented to E. Williams & Co., who refused to accept them, and they were immediately returned to the plaintiff.

On June 13, when the $1000 draft was received by the plaintiff in Chicago, Sage delivered to the plaintiff, in exchange for it, a draft on Crockett Brothers for $1000, and for the returned bill of lading which was delivered up to the transportation company, a new original bill of lading, indorsed : " Deliver to the order of Crockett Bros. R. H. Sage." The plaintiff then forwarded all the papers to Boston for collection.

On June 16, when the $1800 draft on E. Williams & Co. arrived in Chicago, Sage paid the plaintiff on account, $300, and delivered to the plaintiff, in exchange for the balance of the returned draft, a new draft for $1500, on Crockett Brothers, and for the returned bill of lading, which was delivered up to the transportation company, a new original bill of lading, indorsed, " Deliver to the order of Crockett Brothers. R. H. Sage." The plaintiff then forwarded all the papers to Boston for collection.

Both lots of flour arrived in Boston, and while in the carrier's hands, two hundred barrels were attached by the defendant, a deputy sheriff, upon a writ in favor of a creditor of Sage, on June 16, and two hundred barrels on June 19.

Crockett Brothers refused to accept the drafts, which, with the other papers, were then immediately returned to the plaintiff, who again, and after the attachments had been made, exchanged the bills of lading for bills of lading indorsed to the plaintiff, and upon them received from the carrier the one hundred barrels not attached. The plaintiff then duly made demand on the defendant for the attached flour, and the defendant refused to deliver it to the plaintiff ; and thereupon the plaintiff replevied the same in this action.

*E. H. Abbot & L. A. Jones*, for the plaintiff.

*G. O. Shattuck & O. W. Holmes, Jr.*, for the defendant.

GRAY, C. J. This case is governed by those of *National Bank of Cairo* v. *Crocker*, 111 Mass. 163, and *National Bank of Green Bay* v. *Dearborn, ante,* 219.

The bills of lading by which the carrier undertook to deliver the goods to the shipper or his assigns were representatives of the property. The delivery of those bills of lading to the plain-

tiff corporation as collateral security for the payment of its ad-
vances, although it would not have enabled it to sue the carrier
upon the contract therein made with the shipper, yet did transfer
at least a special property in the goods to the plaintiff, (for which
its discount of the drafts was a valuable consideration,) and gave
it a right of immediate possession sufficient to maintain replevin
against the shipper or any one attaching the goods as his prop-
erty.

The drawees of the draft attached to each of those bills of
lading were not entitled to the bill of lading or the property de-
scribed therein, except upon acceptance of the draft, and having
refused to accept it, the order, indorsed by the shipper upon the
bill of lading, for the delivery of the goods to the drawees, never
took effect.                                    *Judgment for the plaintiff.*