JESSE F. ALDERMAN & another *vs.* EASTERN RAILROAD COMPANY.

Suffolk.   March 10. — June 18, 1874.   COLT & ENDICOTT, JJ., absent

When goods are consigned deliverable to the order of the consignor, and the bill of lading, with a draft for the price, drawn on the purchaser of the goods, attached, is forwarded for collection, the purchaser has no title to the goods until the draft is paid and the bill of lading is indorsed to him ; and a previous sale of the goods, to arrive, is void as against a person advancing the money to pay the draft, to whom the bill of lading was indorsed by the drawee as soon as he obtained possession ; and a second carrier who receives the goods from the first carrier to transport to

their destination, with knowledge on whose account they are carried, though without knowledge of the bill of lading, is liable to the holder of the bill of lading, if he delivers the goods to such a purchaser.

TORT for the conversion of a car-load of oats. In the Superior Court judgment was rendered for the defendant on an agreed statement of facts, in substance as follows, and the plaintiff appealed to this court:

On March 13, 1871, Botsford, Hibbard & Company, of Detroit, Michigan, delivered the car-load of oats in question at Detroit, to a line of transportation known as the Blue Line Through Freight Company, to be transported to Salem, Massachusetts, and there delivered to the order of Botsford, Hibbard & Co., and received from that company a bill of lading accordingly. The oats were duly forwarded to Boston, and there delivered to the defendant, and were by it transported to Salem, consigned to Botsford, Hibbard & Co.

The oats had been forwarded by Botsford, Hibbard & Co. at the request of C. H. Chandler & Co. of Boston, and the bill of lading was sent by the consignors to a bank in Boston, with a draft for the price of the oats attached, drawn on Chandler & Co. The bank was authorized to indorse over the bill of lading to Chandler & Co. upon payment of the draft. The bill of lading and draft were duly received by the Boston bank, and the draft was accepted by Chandler & Co. on March 16, 1871. On March 18 the plaintiffs advanced to Chandler & Co. funds sufficient to take up the draft, and it was taken up by Chandler. At the same time the cashier of the bank, in pursuance of his authority, indorsed the bill of lading to Chandler & Co., who immediately indorsed it over to the plaintiffs to secure them for the money advanced by them to pay the draft.

Before, however, the bill of lading had been indorsed to the plaintiffs, Chandler & Co. sold a car-load of oats to arrive, to Beckford & Dodge, of Salem, and upon the arrival at Salem of the car-load described above as forwarded by the Blue Line, Chandler & Co. informed Beckford & Dodge by letter that this was the car-load of oats bought by them and intended for them, and authorized them to take it. This information and authority were communicated to the defendant by Beckford & Dodge, and the oats were thereupon delivered to them. This delivery was

subsequent to the indorsement of the bill of lading to the plaintiffs.

No bill of lading was ever exhibited to the defendant, and it had no knowledge of its existence until after the delivery of the oats to Beckford & Dodge, but the way bills of the Blue Line Company made out against Botsford, Hibbard & Co. were received and paid by the defendant, and all the bills, together with the charges of the defendant, were paid by Beckford & Dodge.

It was known to the defendant that Botsford, Hibbard & Co. were western shippers of grain, and it is in the ordinary course of business for western shippers to forward goods to the East consigned to their own order to be delivered there to those who purchase of them.

The plaintiffs, having duly demanded of the defendant said car-load of oats, and having tendered the amount of freight charges due them, now bring this action. If upon the foregoing facts the court enter judgment for the plaintiffs, the case is to be sent to an assessor to determine the amount of the plaintiffs' damages.

*J. M. Browne*, for the plaintiffs.

*S. Lincoln, Jr.* (*S. B. Ives, Jr.* with him,) for the defendant.

GRAY, C. J.    This case cannot be distinguished from that of *Newcomb* v. *Boston & Lowell Railroad, ante,* 230, in any particular favorable to the defendant.    The bill of lading, with the draft attached to it, was transmitted to the bank with directions to indorse the bill of lading to Chandler & Co. upon the payment of the draft.    As soon as Chandler & Co. paid the draft and obtained the bill of lading from the bank, they immediately indorsed the latter to the plaintiffs as security for the money advanced by them to pay the draft, and a property in the goods thereby vested in the plaintiffs.    The sale and delivery of the goods by Chandler & Co. to Beckford & Dodge passed no title as against the plaintiffs; because at the time of the sale Chandler & Co. had acquired none, and at the time of the delivery the plaintiffs' title had already vested.    The only evidence which the defendant had of any title in the goods was that furnished by the way bill, that they belonged to the consignors.    The delivery by the defendant to Beckford & Dodge was therefore a conversion of the property, for which it is responsible to the plaintiffs as rightful owners of the goods.                              *Judgment for the plaintiffs.*