## JOHN C. FRANK *vs.* MARY E. HOEY.

Suffolk. Nov. 17, 1879. — Jan. 28, 1880. MORTON & SOULE, JJ., absent.

If an order for intoxicating liquors is given by a person in A. to an agent of a
dealer, who has a license to sell such liquors in B., and received by the agent
subject to his principal's approval, and the liquors, which were sold on credit,
are put up by the seller, marked with the buyer's name, directed to him at A.
and delivered to the carrier in B., it is a sale of the liquors in B.

CONTRACT on an account annexed for intoxicating liquors sold
and delivered. Answer, that the liquors were sold in violation
of the St. of 1875, *c.* 99.

At the trial in the Superior Court, before *Bacon*, J., the plain-
tiff introduced evidence tending to show that he sent his agent
from Boston to Natick, where the defendant did business, to
solicit orders for liquors, subject to the plaintiff's approval; that
the agent received verbal orders for liquors from the defendant,
which he delivered to the plaintiff on his return to Boston; that
the plaintiff put up the goods mentioned in the orders, charging
the price agreed upon between his agent and the defendant; that
the sale was upon credit; that the goods were marked with the
defendant's name, directed to her at Natick, and were delivered
by the plaintiff to the express or railroad in Boston; and that no
directions were given as to the mode of transporting the goods.

The defendant introduced evidence tending to show that she
purchased the liquors in question of the plaintiff's agent; that
the agent fixed the price and the terms of sale; that all the
negotiations were had at her store in Natick; that she received
the liquors through express companies or railroad, and paid the
freight on receipt; and that she never saw the orders and never
bought goods on orders.

It was admitted that the plaintiff had a license of the fourth
class to sell spirituous liquors in Boston, and had no license to
sell spirituous liquors in Natick.

The defendant asked the judge to instruct the jury as follows:
" A wholesale dealer in Boston, licensed there to sell spirituous
liquors, cannot through a salesman agree with a person in Natick
to sell spirituous liquors there; and if such salesman makes an
agreement to sell liquors in Natick, and the principal ratifies

such contract of sale by shipping the liquors, then such contract was made in Natick, the ratification relating back to the time and place of sale." The judge gave the first part of the instruction asked, but refused to give the remainder of it; and instructed the jury as follows : " Under his license as a wholesale dealer in Boston, the plaintiff could lawfully send his agent to Natick to solicit orders from the defendant for such liquors ; and if such orders were taken subject to the approval of the plaintiff in Boston, and such liquors after such approval were sent to the defendant by railroad or express, and received by the defendant at Natick, then such transaction would not be unlawful, and the plaintiff may recover the price of such liquors."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. N. Mason & E. F. Dewing*, for the defendant.

*C. S. Lincoln*, for the plaintiff.

AMES, J. If, as the plaintiff contended, the negotiations between his agent and the defendant were subject to his approval, they did not amount to a sale or a binding contract of sale, until that approval had been given. It would be the case of an order for goods which the vendor might accept or reject as he pleased. The prices, quantities, and qualities might be designated in the order, and all that remained to be done on the vendor's part might be (if he concluded to make the sale) to select the goods from his general stock and in some mode to set them apart; but until this should be done, there would be no sale of those specific goods. *Sortwell* v. *Hughes*, 1 Curtis, 244. In such a case, unless some special agreement to the contrary appeared, delivery to the carrier in Boston would be delivery to the purchaser. *Orcutt* v. *Nelson*, 1 Gray, 536. *Finch* v. *Mansfield*, 97 Mass. 89. *Kline* v. *Baker*, 99 Mass. 253. *Clough* v. *Whitcomb*, 105 Mass. 482. *Suit* v. *Woodhall*, 113 Mass. 391.

The jury found the facts to be as the plaintiff contended, and that the sale was made in Boston. The evidence would justify such a verdict, and the instructions given by the court were correct. *Exceptions overruled.*