MAHAR WIGTON & others *vs.* EDWIN BOWLEY & another.

Essex. Nov. 5, 1880. — Jan. 17, 1881. ENDICOTT, J., absent.

A. ordered of B. a car-load of flour at an agreed price delivered on board the cars, authorized B. to draw upon him for the amount at ten days' sight, and gave references as to his pecuniary ability. B. made inquiries of the persons named, placed the flour on board the cars of a railroad company, directed to A., taking a receipt in which A. was named as consignee, and sent a draft for the amount with the receipt to a bank for collection, with directions to deliver the receipt to A. on his accepting the draft. The draft was not accepted, and was returned to B. with the receipt. *Held*, in an action by B. for the conversion of the flour against a person who purchased it from A. in good faith, and who obtained possession of it, that these facts would warrant a finding that the property in the flour passed to A. when it was delivered to the railroad company for transportation; and, on such finding, that the action could not be maintained.

TORT for the conversion of 112 barrels of flour. Answer, a general denial. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, upon agreed facts, in substance as follows:

The plaintiffs are proprietors of flouring mills in Hart, Michigan; and, on October 18, 1878, they received from Henry Fenno, who was then doing business in Boston, a letter asking for the price per car-load of their flour delivered on board the cars.   On October 28, the plaintiffs sent to Fenno the figures requested; and, on October 31, Fenno ordered of the plaintiffs a car-load of the flour at the price named, authorized them to draw on him for the amount at ten days' sight, and referred them to persons with whom he had dealt.   The plaintiffs, having obtained satisfactory information from the persons indicated as to Fenno's pecuniary standing, on November 13, 1878, loaded a car with the flour ordered, directed and consigned to Fenno at Boston; and, at the same time, they drew on Fenno as directed.   The draft and the bill of lading for the flour, in which Fenno was named as consignee, were sent to a bank in Boston, with the instruction to deliver the bill of lading to Fenno, if the draft was accepted.   The draft was never accepted, and the bill of lading was never delivered.   There is no evidence to show that it was ever presented to Fenno for acceptance.

On December 5, 1878, Fenno executed to the defendants an order on the freight agent of the Boston and Albany Railroad Company to deliver to the defendants the flour in question; and the defendants paid the full purchase price of the flour to Fenno.   The defendants presented the order to the freight agent of said company, and he delivered the flour to them, according to the usage of that and other railroad corporations, without exacting the production of the bill of lading.   On December 9, 1878, the bill of lading and the draft were returned to the plaintiffs by the bank.   The flour so delivered to the defendants is the same flour which the plaintiffs had consigned to Fenno.   The plaintiffs have never received anything in payment or part payment thereof.   Fenno failed immediately after he executed the order to the defendants, and his testimony cannot be procured by either party. ·

If, upon the above facts and such inferences as a jury would be authorized to draw, the plaintiffs were entitled to recover, judgment was to be entered for them for $518.56, and interest from the date of the writ; otherwise, judgment for the defendants.

*F. W. Griffin & S. T. Harris*, for the plaintiffs.

*H. Carter*, for the defendants.

COLT, J. Upon the agreed facts, the court below was justi-fied in finding that the property in the flour was transferred to Fenno, the purchaser, when it was delivered for transportation to the railroad company in Michigan.

It appears that Fenno, having obtained from the plaintiffs the price asked for their flour delivered on board the cars, ordered a car-load at the price named, and authorized the plaintiffs to draw on him for the amount at ten days' sight, at the same time giving references to other parties as to his pecuniary standing. The plaintiffs took time to satisfy themselves as to his respon-sibility, and then delivered the flour on board the cars, directed to Fenno at Boston, and consigned to him. The receipt given by the railroad, sometimes called the shipping receipt or bill of lading, was taken in his name. These facts sufficiently show that the plaintiffs did not intend to retain their hold on the property, after it was taken by the carrier, as security for the payment of the price.

In the sale of specific chattels, an unconditional delivery to the buyer or his agent, or to a common carrier consigned to him, whether a bill of lading is taken or not, is sufficient to pass the title, if there is nothing to control the effect of it. If the bill of lading or written evidence of the delivery to a carrier be taken in the name of the consignee, or be transferred to him by indorsement, the strongest proof is afforded of the intention to transfer the property to the vendee. *Merchants' National Bank* v. *Bangs*, 102 Mass. 291. If the vendor intends to retain the right to dispose of the goods while they are in course of transportation, he must manifest that intention at the time of their delivery to the carrier. It is not the secret purpose, but the intention as disclosed by the vendor's acts and declara tions at the time, which governs. *Foster* v. *Ropes*, 111 Mass. 10. *Upton* v. *Sturbridge Mills*, 111 Mass. 446. Where there is con-flicting evidence as to intention, the question is for the jury. It cannot be disposed of as matter of law, unless the evidence will justify a finding but one way. *National Bank of Cairo* v. *Crocker*, 111 Mass. 163. *National Bank of Chicago* v. *Bailey*, 115 Mass. 228. *Alderman* v. *Eastern Railroad*, 115 Mass. 233.

In the case at bar, the fact that the shipping receipt was not delivered to Fenno, but was sent with the draft to a bank in Boston, is not conclusive evidence, as against the rights of the consignee, that the plaintiffs intended not to part with the title. It was no part of the contract of sale. It was given in the name of Fenno, and could not be transferred by the plaintiffs so as to change title in the property without his indorsement. What passed between the plaintiffs and the bank in Boston, not communicated to Fenno, cannot affect his rights.

It is not shown that the acceptance or payment of the draft was a condition precedent to a change of title; and the finding of the court below cannot be disturbed.

*Judgment affirmed.*