PORTSMOUTH BREWING COMPANY *vs.* JOSIAH B. SMITH.

Essex.　November 4, 1891. — November 30, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Sale in another State — Recovery of Price — Presumption of Illegality — Burden of Proof.*

In an action to recover the price of certain ale sold by a resident of New Hampshire to a resident of this Commonwealth, where the defence was that the sale was illegal, the agreed facts showed that the sale was completed in that State by delivery to a carrier there, and that, by the statutes there in force at the time, sales of ale were unlawful only in towns which had so voted; but there was nothing to show that such a vote had been passed in the town where the sale took place. *Held*, that there was no proof and no presumption that the sale was illegal, and that the plaintiff was entitled to recover.

CONTRACT, to recover the price of certain barrels of ale, sold by the plaintiff to the defendant. The answer contained a general denial, and set up that the sale was illegal. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on agreed· facts, in substance as follows.

The. plaintiff was a corporation doing business as a brewer of ale at Portsmouth in the State of New Hampshire. The defendant was at the time of the sale a resident of Lawrence in this Commonwealth and did business there. The defendant ordered the ale in question from time to time by letters sent by mail from Lawrence to the plaintiff at Portsmouth; and the

plaintiff, upon receipt of these orders, filled them by delivering the ale in barrels at the station of the railroad in Portsmouth, which transported goods to Lawrence, and had the same shipped to the defendant, who received and sold it in the ordinary course of business. The ale so shipped was of the ordinary quality, and if taken in sufficient quantities would produce intoxication.

The General Laws of New Hampshire of 1878, c. 109, which formed the law of that State with reference to the sale of intoxicating liquors at the time the sale in question was made, and were referred to as a part of the agreed statement, after prohibiting in § 15 of that chapter the sale by any person, not being an agent of a town for the purpose of selling spirituous liquors, of "lager beer or other malt liquors," and providing in § 16 that the delivery of cider under certain circumstances would be deemed *prima facie* evidence of sale, by § 17 provided, "The two preceding sections shall be enforced only in such towns as shall by a majority vote so decide." The plaintiff was not such a town agent.

If upon the above facts the plaintiff was entitled to recover, judgment was to be entered for it; otherwise, judgment was to be entered for the defendant.

*C. U. Bell*, for the plaintiff.

No counsel appeared for the defendant.

ALLEN, J. Upon the agreed facts, the sales to the defendant were completed in New Hampshire, by the delivery to the carrier there. *Orcutt* v. *Nelson*, 1 Gray, 536. *Frank* v. *Hoey*, 128 Mass. 263. The validity of the sales must, therefore, be determined by the laws of that State. *Milliken* v. *Pratt*, 125 Mass. 374. The sales were made in Portsmouth. Under the statutes of New Hampshire, which were referred to, sales of ale were unlawful only in towns which had passed a vote to that effect. Gen. Laws of N. H. of 1878, c. 109, §§ 15, 19. There is nothing to show that such a vote had been passed in Portsmouth. *Prima facie*, the sales were legal. The burden of proof was on the defendant to show that they were illegal. *Trott* v. *Irish*, 1 Allen, 481. *Wilson* v. *Melvin*, 13 Gray, 73. *Brigham* v. *Potter*, 14 Gray, 522. There was no proof, and there is no presumption, of illegality; therefore the plaintiff is entitled to recover.

*Judgment for the plaintiff.*