### JOHN F. BETZ AND SON *vs.* PHILIP McMORROW.

Suffolk. November 17, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Place of Passing of Title — Finding.*

In an action for the price of merchandise, the defendant testified that he bought the goods of the plaintiff, a dealer in another State, through A., an importing agent here, through whom he often had bought of others, and told him to deliver the goods the same as before at the defendant's place of business here. A., who had no authority to accept orders for the plaintiff, wrote to him requesting him to ship the goods to the defendant here. The plaintiff accepted the order and shipped the goods by a carrier in the other State, taking bills of lading making them deliverable to the defendant. One of these bills was sent to the defendant, and one was given to a forwarder for the carrier, who took the goods from the carrier's office and carried them to the place of business of the defendant, who paid the freight. *Held,* that it could not be said that a finding that the intention of the parties was that the title to the goods should pass in the other State was unwarranted.

CONTRACT, for goods sold and delivered. Trial in the Superior Court, without a jury, before *Bond,* J., who found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. H. Blanchard,* for the defendant.

*C. W. Janes,* for the plaintiff.

HOLMES, J. This is an action for the price of ten hogsheads and two barrels of ale sold by the plaintiff to the defendant. The defence is that the ale was sold in Boston without the license required by law. The judge who tried the case found for the plaintiff, and found that the intention of the parties was that the title to the ale should pass in Philadelphia; and the only question before us is whether there was evidence warranting these findings, or whether the judge should have ruled that the defendant was entitled to judgment.

The defendant testified that he bought the goods of the plaintiff, a Philadelphia corporation, through one Hayes, an importing agent in Boston, through whom he often had bought of others, and told him to deliver the goods the same as before at the defendant's place of business in Boston. Hayes, who had no authority to accept orders for the plaintiff, wrote to it requesting it to ship the ale to the defendant, 1358 Dorchester Avenue, Boston. The plaintiff accepted the order and shipped the goods by the Philadelphia Steamship Company, taking bills of lading, making them deliverable to the defendant. One of these bills was sent to the defendant, and one was given to a forwarder for the steamship company, who took the goods from the company's office and carried them to the defendant's place of business. The defendant paid the freight.

On this state of facts, we cannot say that the finding of the court was unwarranted. For, in view of the defendant's paying freight, it was entirely reasonable for the court to find that the defendant's direction to Hayes to deliver the ale at his place of business, (assuming the court to have believed that it was given,) was meant only to give the address of destination, and neither had, nor was intended to have, any effect on the question where the title passed. If this view be taken, then the case is governed by the general rule, that a shipment by a seller with an independent common carrier to the order of the buyer passes the title as soon as the carrier receives the goods. *Merchant* v. *Chapman*, 4 Allen, 362. *Suit* v. *Woodhall*, 113 Mass. 391, 394. *Frank* v. *Hoey*, 128 Mass. 263. *Portsmouth Brewing Co.* v. *Smith*, 155 Mass. 100. *Smith* v. *Edwards*, 156 Mass. 221.

If the goods were appropriated to the contract, subjected to the defendant's order, and made the defendant's property in Philadelphia, it is unnecessary to go more fully into the relation of Hayes to the bargain, or to consider whether the executory contract also was made in Philadelphia by the plaintiff's acceptance of the order there, or was made in Massachusetts by the dealings between the defendant and Hayes. For even in the latter view, the plaintiff may recover. *Abberger* v. *Marrin*, 102 Mass. 70. *Sortwell* v. *Hughes*, 1 Curtis C. C. 244. See *Weil* v. *Golden*, 141 Mass. 364, 368.

*Exceptions overruled.*