THEO. HAMM BREWING COMPANY v. WILLIAM S. YOUNG.

May 17, 1899.

Nos. 11,497—(81).

**Sale of Intoxicating Liquor—Delivery in Dakota—Action for Price.**

The defendant, residing in Fargo, North Dakota, ordered by telephone from the plaintiff, doing business in Moorhead, Minn., a quantity of beer to be by it delivered to him in Fargo. In pursuance of the order, the plaintiff delivered the beer to the defendant at the latter place. *Held,* that the sale was made in Fargo, where the beer was delivered, and where the title passed from the plaintiff to the defendant, and that, such sale being illegal and nonenforceable according to the laws of that state, an action cannot be maintained in this state to recover the purchase price of the beer.

Action in justice court to recover $24.75 for goods alleged to have been sold and delivered at Moorhead, Minnesota. From a judg-

ment rendered in favor of plaintiff, defendant appealed to the district court for Clay county. The case was there tried before Baxter, J., who found in favor of plaintiff; and from a judgment entered in pursuance of the findings, against defendant and one Clendenning, the surety on his appeal bond, defendant and Clendenning appealed. Reversed.

*George E. Perley, John O. Hanchett* and *Newman, Spalding & Stambaugh,* for appellants.

The sale was at Fargo, where the goods were delivered by plaintiff, and was void. Weil v. Golden, 141 Mass. 364; 11 Am. & Eng. Enc. 742–744; People v. Capen, 26 Hun, 377; State v. Basserman, 54 Conn. 88; Com. v. Holstine, 132 Pa. St. 357; Northcutt v. State, 35 Tex. Crim. 584. The goods were not appropriated to the contract until delivered at Fargo, and no price was agreed. Rail v. Little Falls L. Co., 47 Minn. 422.

*C. G. D. Johnson* and *A. T. Cole,* for respondent.

Under the constitutions and statutes of North Dakota, it is not unlawful to buy for one's own private use. The presumption is that the sale was legal. Liquor may be delivered in the original package from a state where it is lawful to sell to the purchaser in a state where it is unlawful to sell. Rhodes v. Iowa, 170 U. S. 412. The sale was in Minnesota. Nash v. Brewster, 39 Minn. 530; Janney v. Sleeper, 30 Minn. 473; Sarbecker v. State, 65 Wis. 171.

MITCHELL, J.

This was an action to recover the purchase price of two lots of beer sold and delivered to the defendant Young,—one by the plaintiff, and the other by plaintiff's assignor, Theodore Hamm. The stipulated facts are as follows:

At the respective dates of these sales, plaintiff and its predecessor and assignor, Theodore Hamm, were doing business in Moorhead, Minnesota, and authorized by the laws of this state to sell beer at that place. At the same dates, the defendant Young was a resident of Fargo, North Dakota, and from that place, at the dates referred to, he telephoned to the plaintiff and Theodore Hamm, respectively, at Moorhead, ordering beer to be delivered to

him at his residence in Fargo. The plaintiff and Hamm, respectively, received the telephone message at Moorhead, there entered the orders on their books for delivery, and thereafter delivered the beer to the defendant at Fargo. During all that time the statutes of North Dakota prohibited the sale of beer in that state, and such sale was during all that time, and now is, a criminal offense in that state, except by licensed druggists and pharmacists, and then only for medicinal, mechanical, and scientific purposes. Neither the plaintiff, the defendant, nor Theodore Hamm has ever had a license to sell beer in North Dakota for any purpose whatever. By the laws of North Dakota, sales of beer or other intoxicating liquors made in that state, except by persons licensed so to do for the purposes above named, were and are void, and payment therefor could not and cannot be enforced.

It is very clear that, upon the facts, these sales were made in North Dakota. There is where delivery to the purchaser was to be made, according to his order, and was in fact made, and then, and not till then, the title passed to the purchaser. Until then there was not even an executory contract for the sale of the beer,— nothing except an unaccepted order for the goods by Young. It is not material for what purpose Young was buying the beer. The material facts are that the sale was made in North Dakota, and that neither the plaintiff nor Theodore Hamm had any license to sell intoxicating liquor in that state. The sales being illegal, void, and nonenforceable in the state where they were made, no action can be maintained upon them in this state. Note the distinction between the facts in this case and those in Bollinger v. Wilson, infra, page 262, where the liquor was to be, and was, delivered to the purchaser on board the cars at Milwaukee, Wisconsin.

Judgment reversed, and a new trial granted.

BUCK, J. (dissenting).

I dissent. I do not place the same construction upon the stipulated facts as the majority do in the foregoing opinion. The stipulation must be read and construed in connection with the constitution and laws of North Dakota which appear in the case. If neither appeared in the case, the stipulation might be considered

as binding; but it should not be held as overruling the constitution and statutes of that state, to the injury of the property rights of the individual. Article 20 of the constitution of that state provides:

"No person, association or corporation shall, within this state, manufacture for sale or gift, any intoxicating liquors, and no person, association or corporation shall import any of the same for sale or gift, or keep or sell or offer the same for sale, or gift, barter or trade as a beverage. The legislative assembly shall, by law, prescribe regulations for the enforcement of the provisions of this article and shall thereby provide suitable penalties for the violation thereof."

The Revised Code of that state (section 7593) provides:

"Any person, association or corporation, who shall, within this state, directly or indirectly, manufacture any spirituous, malt, vinous, fermented or other intoxicating liquor, or shall import any of the same for sale or gift, as a beverage, or shall keep for sale, or sell or offer for sale or gift, barter or trade, any of such intoxicating liquors as a beverage, shall for the first offense be deemed guilty of a misdemeanor."

Section 7594 of the same Code provides:

"It shall be unlawful for any person or persons to sell or barter, for medicinal, scientific or mechanical purposes, any malt, vinous, spirituous, fermented or other intoxicating liquors, without first having procured a druggist's permit therefor from the county judge of the county wherein such druggist may be doing business at the time."

These are all the legal provisions we find bearing upon the question involved herein, and they should govern the construction to be placed upon the contract or transaction; and, if in conflict with the stipulation, they must control, and the latter give way, because, being in evidence, I think that they show conclusively that the stipulation is not true, so far as it states

"That the statutes of the state of North Dakota prohibit, and did prohibit during all of said time, the sale of lager beer, and such sale was during all of such times, and now is, a criminal offense in said state, except by druggists and pharmacists duly licensed so to do, and then only for medicinal, mechanical and scientific purposes."

These prohibitions in regard to intoxicating liquors are not aimed at a mere sale thereof, nor can its language be construed as a prohibition against a party merely buying for his own personal use, or personally using, intoxicating liquor, in North Dakota. He may buy and drink lager beer himself, but this constitutional prohibitory clause is not applicable to a case of this character. He cannot lawfully import, for sale or for giving away, or for keeping for sale, or for trading or bartering, intoxicating liquor, as a beverage. If he does this, he is amenable to the penalties and liabilities imposed by law. But the record in this case does not disclose any such purpose, either upon the part of seller or buyer. It is not so alleged in the pleading, and there is an entire absence of testimony upon the subject. Nowhere does it appear that at the time of the purchase of the lager beer the plaintiff had the slightest notice or knowledge that defendant intended to use it for an illegal purpose. The presumption is that the purchaser only intended to use it for a valid purpose. I think that a sale of intoxicating liquor in Minnesota, completed by a delivery thereof in North Dakota, without any fraudulent view to its resale in said state contrary to the law thereof, was not unlawful, and that an action may be maintained in this state for the price of the liquor so sold. Orcutt v. Nelson, 1 Gray, 536. The burden of showing that the sale was illegal was upon the defendant. Portsmouth v. Smith, 155 Mass. 100, 28 N. E. 1130. I do not wish to be understood as holding, even by implication, that mere knowledge on the part of the vendor that his vendee, at the time of the purchase of the liquor, intended to use it for an illegal purpose, would prevent his recovering from the vendee the value of the property, for the weight of authority is the other way. Webber v. Donnelly, 33 Mich. 469; Tracy v. Talmage, 14 N. Y. 162; Hill v. Spear, 50 N. H. 253. I think the judgment should be affirmed.