DR. A. P. SAWYER MEDICINE COMPANY *vs.* CHARLES
E. JOHNSON & another.

Suffolk.    November 12, 1900. — April 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Goods were ordered by the defendant to be shipped " direct prepaid freight and await billing." The plaintiff shipped the goods by rail marked with the name and place of business of the defendant, to be delivered to the order of the consignee, prepaid the freight, and took from the railroad company a temporary receipt in his own name stating these facts and also stating that the receipt was to be exchanged for the company's bill of lading. No bill of lading was in fact issued. *Held,* that the plaintiff could maintain goods sold and delivered, the delivery to the carrier in accordance with the order being a delivery to the defendant, and the taking of the temporary receipt by the plaintiff being in no way a reservation of the *jus disponendi.*

CONTRACT to recover $63 for goods sold and delivered according to the terms of a written order. Writ, in the Municipal Court where the action was brought, dated March 14, 1898.

In the Superior Court, to which the case came by appeal, at the trial before *Hopkins,* J., the following facts appeared.

The order was as follows :

" Dr. A. P. Sawyer Med. Co., 161 Colorado avenue, Chicago. Salesman S. H. K. date sold Nov. 3, '97. . . . Please ship the following order through any jobber or direct, which we agree not to countermand. Date billed 11–10–97. . . .

" Terms 30 days. 1½ per cent discount in 10 days. . . . F. O. B. Chicago. 6 doz. Dr. Sawyer Pastilles, $7.00. 6 doz. Dr. Sawyer Family Cure Tablets, 50 cts. size, $3.50. Freight Paid. Duplicate. Total, $63.00. Ship direct prepaid freight and await billing.

" There is no agreement aside from this order. All special promises are specified either on the face or back of this order. I have a correct and complete copy of this order and all the special promises or agreements are made upon the face or back of this order written in ink by your salesman.    Chas. E. Johnson & Co."

The letters " F. O. B." and the word " Chicago " were a part of the printed matter of the order, in bold type, and underneath

them, on the face of the order, were written in ink the words " Freight Paid " and in lead pencil the words " Ship direct prepaid freight and await billing."

The plaintiff put in evidence the deposition of one of its salesmen, who testified that the order declared on was signed in his presence, and that the plaintiff did all that was required of it by the terms of said order.   The plaintiff also put in evidence the deposition of the person who had charge of the shipping for the plaintiff, who said that the goods called for by the order were shipped at Chicago, November 10, 1897, and that the plaintiff paid the freight and took in its own name a railroad receipt.   This receipt was as follows :

" Ex. Pd.   Chicago, Nov. 10, 1897.   Received of the Dr. A. P. Sawyer Medicine Co., in good order, by the Via Nickle Plate Line, the following goods as marked in the margin, to be delivered in like good order to consignee, without unnecessary delay. *Marks.*   Chas. Johnson & Co., Dorchester, Mass. *Articles.*   Printed matter.   Paid.   P. P. 115.   J. J. Herrick, Cashier.

" The N. Y. C. & St. L. R. R. Co.   Received Nov. 10, 1897. Taylor & Clark Sts.   I. L. Lockwood, Agent.

" This is a temporary receipt, and is to be surrendered in exchange for the company's bill of lading of the form now in use, under the terms of which the shipment is made and the goods received by the carrier."

The plaintiff also called the defendant Johnson, who testified that he signed the order declared on, and, upon cross-examination, that he never received any notice from the plaintiff company, but did receive a notice from the Fitchburg Railroad Company of Boston, that certain goods from Chicago, addressed to him, were at the freight office in Boston.   This was a second notice and was dated March 9, 1898, and directed him if he " claimed goods, to present bill of lading or prove ownership."   That he had received from the railroad company a previous notice that the goods were at the freight office, but was unable to fix the date of its receipt.   That on the 16th of November, 1897, he sent to the plaintiff a letter, which was duly received, of which the following is a copy: " Boston, November 16, 1897.   The Dr. A. P. Sawyer Co.: Please counter-

mand order for 'Sawyer's Pastelles and Family Cure. Yours respectfully, C. E. Johnson & Co." Johnson further testified, that he never called at the railroad office for the goods referred to, or received them at his place of business. This was all the evidence offered by the plaintiff.

The defendants in their own behalf introduced the evidence of the defendant Johnson, who said that he never received from the plaintiff a bill of lading for the goods referred to in the order.

The defendants requested the judge to rule, that upon all the evidence the plaintiff was not entitled to recover, and that he was not entitled to recover for goods sold and delivered; also, that if the jury believed that the plaintiff took the receipt in its own name from the common carrier in Chicago, it was evidence that the plaintiff intended to exercise the right of ownership over the goods, and a delivery by the plaintiff to a carrier in Chicago was not a delivery to the defendants. The judge refused to rule as requested, and the defendants excepted.

The judge, among other instructions, instructed the jury that if the plaintiff complied with the terms of the order and delivered the goods, F. O. B. Chicago, to a common carrier in Chicago, and paid the freight, that an action would lie for goods sold and delivered. To this instruction the defendants excepted.

The jury found for the plaintiff; and the defendants alleged exceptions.

*F. F. Sullivan*, for the defendants.

*R. D. Ware*, for the plaintiff.

HAMMOND, J. This is an action for goods sold and delivered. The goods were sold on thirty days' credit, and the plaintiff was to ship them at Chicago, freight prepaid. The goods, duly marked with the name of the defendants and their place of business, were delivered on November 10, 1898, to a common carrier in Chicago, and a receipt therefor taken by the plaintiff in its own name. This receipt was merely temporary in its character, and recited that it was to be surrendered in exchange for the carrier's bill of lading " of the form now in use." This temporary receipt never was given up and no bill of lading ever

was sent by the plaintiff to the defendants. The evidence tended to show that the goods arrived in Boston in due time, that the defendants received a notice from the railroad company in Boston announcing that fact, and that afterwards they received a second notice. The defendants never called at the railroad office for the goods, nor did they ever receive them at their place of business.

The chief question in this case is whether there was such a delivery of these goods as the plaintiff must show in order to maintain an action for goods sold and delivered. It is not enough that the goods have been identified and set apart for the vendee so as to pass the title to him subject to the vendor's lien for the price, but it is necessary that the possession should have been given to the vendee in performance of the contract, so that he has not only the title but also the possession. This delivery may be made to an agent of the vendee, and the well established rule is that where such a delivery is made to a common carrier at the express request of the vendee, or where such a request may be implied by the previous dealings between the parties or by a well known custom or usage, it is *prima facie* a delivery to him. *Frank* v. *Hoey*, 128 Mass. 263, and cases cited. *Wigton* v. *Bowley*, 130 Mass. 252.

It is evident, however, that there may be a delivery of the goods to a common carrier where the seller intends to retain the control of the goods, and so it has been held that where the receipt or bill of lading is taken in his name, that fact, when not rebutted by evidence to the contrary, is decisive to show his intention to preserve the *jus disponendi*, and to prevent the property from passing to the vendee. Ames, J., in delivering the opinion in *First National Bank of Cairo* v. *Crocker*, 111 Mass. 163, on page 167. *Wait* v. *Baker*, 2 Exch. 1. Benj. Sales, (6th Am. ed.) § 399.

The defendants contend that this principle is applicable to this case. We think not. The order was to " Ship direct prepaid freight and await billing." The goods were duly marked with the name and place of business of the defendants. They were to be delivered to the order of the consignee. The receipt which the plaintiff took from the railroad was merely temporary in its character, and was doubtless taken in that way because the order was to await billing.

Under the instructions of the court the jury must have found that the plaintiff complied with the terms of the order and delivered the goods to the common carrier in accordance therewith. That was a sufficient delivery to the defendants, so far as respects the form of this action.

*Exceptions overruled.*