STATE OF MAINE

*vs.*

INTOXICATING LIQUORS, John R. Bishop, Claimant.

Oxford.     Opinion March 11, 1904.

*Sales*, Delivery to Carrier passes title to purchaser.   *Intox. Liquors* not intended
for unlawful sale.

1.  Under the settled law of this State, upon an order for the shipment of
goods by express C. O. D. the carrier designated in the order acts as agent
of the purchaser, and in the absence of any evidence to the contrary, a
delivery to the carrier is deemed a delivery to the purchaser and title to
the goods will pass to the purchaser upon delivery to the carrier.

2.  Intoxicating liquors delivered to an express company in Kentucky and
transported to Maine in pursuance of such an order become the property
of the purchaser upon delivery to the carrier in Kentucky, and if not
intended for unlawful sale by the claimant in this State are not liable to
seizure while in the possession of the express company, and if so seized
the claimant is entitled to an order for their restoration.

On report.     Judgment for claimant to property seized.

Appeal from Rumford Municipal Court, Oxford County, upon
the condemnation of four bottles of whiskey bought by the defendant
in Kentucky and shipped by express C. O. D. by his order to this
State.

The parties in this court below submitted the case to the decision
of the law court upon an agreed statement of facts, which will be
found in the opinion.

*Ellery C. Park*, County Attorney, for State.

The order is explicit in its terms and so far as anything before the
court shows, was accepted and complied with in strict accord with
those terms.     If the court find that the prepaying of the express
charges under this order, taken in connection with the other circum-
stances of the case, is sufficient evidence to warrant the conclusion
that the vendor undertook to deliver the liquor to the vendee at

Rumford Falls, and that the carrier to which the liquor was delivered by the vendor was the agent of the vendor, then, it would seem that the sale was not made in Kentucky, but was to be made at Rumford Falls, in which case no title to the liquor ever passed to the vendee, because there was never any delivery either actual or constructive to him.—*Suit* v. *Woodhall,* 113 Mass. 394. Under such facts the liquor was liable to seizure while in the possession of the express company which would be constructively the possession of the vendor, because it was intended for sale in this State in violation of law.

*G. D. Bisbee and Ralph T. Parker,* for claimant.

The title passes when the goods are delivered to the carrier and this is so even where no carrier is selected by the consignee.

*Creek* v. *Cowan,* 64 N. C. 743; *Pilgreen* v. *State,* 71 Ala. 368; *State* v. *Carll,* 43 Ark. 353; *Brechwald* v. *People,* 21 Ill. App. 213; *Ramsey & Gore Manf. Co.* v. *Kelsea,* 22 L. R. A. 415, and note, (55 N. J. L. 320); *State* v. *Cairns,* (Kan.) 58 L. R. A. 55; *U. S.* v. *The Orene Parker Co.,* recently decided by the U. S. District Court for Eastern District of Kentucky; *U. S.* v. *Express Co.,* 119 Fed. Rep. 240.

Our own court has followed this view of the law.

If the order is carefully analyzed we find that the word "ship" means "put on board." "The words 'shipment' and 'shipped' are now used indifferently to express the idea of goods delivered to carriers for the purpose of being transported from one place to another, over land as well as water, and imply, with respect to carriage by land, a completed act, irrespective of the time or mode of transportation." *Ledon* v. *Havemeyer,* (N. Y.) 8 L. R. A. 245.

"The word 'shipped,' in common maritime and mercantile usage, means 'placed on board of a vessel for the purchaser or consignee to be transported at his risk;' and such a delivery is a constructive delivery to the purchaser." *Fisher* v. *Minot,* 10 Gray, 260. Considered in the light of the well known meaning of the language employed the conclusion is irresistible that the order was for a delivery to the carrier in Kentucky.

The initials C. O. D. have a fixed and definite meaning, well understood. *State* v. *Intox. Liq.* 73 Maine, 279.

Federal question.    Counsel cited: *Rhodes* v. *Iowa*, 70 U. S. 412, in which the Supreme Court says:—

"We think that, interpreting the statute by the light of all its provisions, it was not intended to and did not cause the power of the state to attach to an interstate commerce shipment, whilst the merchandise was in transit under such shipment, and until its arrival at the point of destination and delivery there to the consignee."    See also *Vance* v. *Vandercook*, 170 U. S. 438.

We are aware that our court in *State* v. *Intox. Liq.* 95 Maine, 140, has declared this language to be dicta and not necessary to the decision of the question involved, but in that case the carrier was a railroad company transporting freight and we do not think the same principle would apply to an express company whose business is to deliver at the door of the consignee.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

WHITEHOUSE, J.    This case comes to the law court on the following agreed statement of facts:

"September 10th, one box containing four quart bottles of whiskey consigned to John R. Bishop, Rumford Falls, Maine, was seized by Constable E. P. Poor from the office of the American Express Company at Rumford Falls, and the liquors were afterwards duly libeled. The box was sent C. O. D., express charges prepaid, by Crigler & Crigler, liquor dealers, from Covington, Kentucky, in response to the following order, which was mailed to them:—

"Rumford Falls, Me., September 3rd, 1903.
"Crigler & Crigler,
    "Covington, Kentucky,
"Gents:
    "Please ship me C. O. D., by American Express, express prepaid, one gallon of rye whiskey.
                    "JOHN R. BISHOP,
                        "Rumford Falls, Maine,

"On the next day after the seizure, September 11th, Bishop called at the express office and asked for the box and was informed that it had been seized. He tendered the charges due on the same, which amounted to $3.85, to the agent of the American Express Company, and demanded the box, but was refused because of the seizure. The same day a like tender was made by Bishop to the seizing officer and the box demanded, which was refused.

"Bishop filed a claim for the liquors at the return day of the libel, and upon the foregoing evidence the judge of the Rumford Falls Municipal Court ruled pro forma that the liquors were liable to seizure and the same were condemned. From which judgment the claimant appealed to the Supreme Judicial Court.

"If upon the foregoing statement the law court decides that said liquors were liable to seizure and condemnation, the judgment of the lower court shall be affirmed, otherwise judgment is to be rendered for the claimant and said liquor ordered returned."

It is not contended that the liquor seized by the officer was intended for unlawful sale in this State by the claimant who ordered it. There is no evidence that it was so intended for unlawful sale, and the claimant declared on oath that it was not intended for sale.

In the order which the claimant sent to the Kentucky firm, he designated the carrier to whom the liquor was to be delivered, and specified that it was to be shipped C. O. D., express paid. Under such circumstances the carrier in receiving and transporting the liquor, acts as agent of the purchaser. "The contract stands upon the simple rule of the common law. The seller was entitled to his price, and the buyer to his property, as concurrent acts. The title passed to the vendee when the bargain was struck. Any loss of property by accident would have been his loss. The vendor had a lien on the goods for his price. The vendor could sue for the price, and the vendee, upon a tender of the price, could sue for the property." *State* v. *Intoxicating Liquors,* Moffitt, claimant, 73 Maine, 278. This rule was affirmed in *State* v. *Peters,* 91 Maine, 31, and re-affirmed in *Greenleaf* v. *Gallagher,* 93 Maine, 549, 74 Am. St. Rep. 371.

The law is well established that in the absence of any evidence to

the contrary, such a delivery to a common carrier at the express request of the purchaser, will be deemed a delivery to the purchaser himself. *Frank* v. *Hoey,* 128 Mass. 263, and *Wigton* v. *Bowley,* 130 Mass. 252. The fact that the express charges were prepaid by the seller in accordance with the terms of the order has no tendency to show that he intended to preserve the jus disponendi and to prevent the property from passing to the vendee. *Sawyer Medicine Co.* v. *Johnson,* 178 Mass. 374.

In the case at bar the liquor was sold and delivered, and the title passed to the claimant in Kentucky and not in Maine.

> *Judgment for the claimant. Order for*
> *return of liquors to issue.*