CENTRAL TRUST COMPANY OF ILLINOIS *vs.* HANOVER TRUST COMPANY & another.

Suffolk. May 16, 1922. — June 30, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Trust Company,* In liquidation. *Trust,* What constitutes. *Bills and Notes. Banks and Banking. Contract,* Construction.

The payee of a sight draft sent it with a bill of lading attached for collection and remittance to a trust company in Boston of which the drawee was a debtor and in which he was a depositor. The drawee received it on August 5 and on that date drew a second sight draft for a larger sum than the first upon another party and the bill of lading then was detached from the first draft at the request of the drawee therein and was reattached to the second draft which then was forwarded by the trust company to a national bank for collection. The national bank paid the second draft by its check which was received by the trust company on August 11 and was deposited with the general funds of its commercial department. The trust company on that day drew and mailed to the payee of the first draft its treasurer's check for the amount of that draft and credited the balance of the amount of the second draft to the account of its depositor, drawee of the first draft. In the afternoon of that day, the commissioner of banks took possession of the property and business of the trust company and he refused payment of its check to the payee of the first draft. The check of the national bank to the trust company was not put through clearing until August 12. Upon a bill in equity by the payee of the first draft against the trust company and the commissioner of banks to have his claim established as one to be paid in full, it was *held,* that

(1) The facts showed that the relation existing between the plaintiff and the trust company before the commissioner of banks took possession, as understood by them, was that of creditor and debtor and not that of *cestui que trust* and trustee;

(2) The fact that the check of the national bank to the trust company in payment of the second draft was not put through clearing until after the commissioner of banks took possession could not avail the plaintiff;

(3) The plaintiff was not entitled to payment of his claim in full.

The right to preferential payments should not be implied nor extended in cases arising under G. L. c. 167, §§ 22–36, one purpose of which is to ensure prompt liquidation in favor of the numerous depositors in the savings and commercial departments of trust companies.

BILL IN EQUITY, filed in the Supreme Judicial Court on August 30, 1921, against the Hanover Trust Company and the commissioner of banks in possession of its property and business, to establish a claim of the plaintiff against the defendant trust company as a claim for a fund received by it as a trust, to be paid in full by the defendant commissioner of banks from assets of the trust company in his possession.

There was an agreed statement of facts. Material facts are described in the opinion. The suit was reserved upon the bill, answer and the agreed statement of facts for determination by the full court.

The case was submitted on briefs.

E. E. Blodgett, S. R. Jones & A. C. Burnham, for the plaintiff.

F. H. Smith, Jr., for the defendants.

DE COURCY, J. The plaintiff seeks to establish a trust in the proceeds of a draft sent by it to the Hanover Trust Company for collection and remittance. The material facts in brief are these. It was a sight draft for $6,335.21, with bill of lading attached, drawn by the Elgin Motor Car Corporation on Sullivan and Sullivan Company, of Boston, at that time a depositor in and debtor of the Hanover Trust Company. The draft was payable to the order of the plaintiff, and was received by the Hanover company on August 5, 1920. On that date Sullivan and Sullivan Company drew a sight draft on the David P. Virr Company for $6,491.36; and at the former's request, but without the authority or knowledge of the plaintiff, the bill of lading was detached from the draft forwarded by the plaintiff, and re-attached to the draft drawn on David P. Virr Company, which was then forwarded by the Hanover company to the Back Bay National Bank for collection. The draft of $6,491.36 was paid by the Back Bay National Bank by check which was received by the Hanover company on August 11, 1920, and was deposited with the general funds of its commercial department. Thereupon the Hanover company drew its treasurer's check for $6,335.21, the amount of the original draft, mailed the same to the plaintiff, and credited the balance of the larger check ($156.15) to the account of Sullivan and Sullivan Company on its books. Thereafter, at 1:45 P.M. on said August 11, the commissioner of banks took possession of the Hanover Trust Company; and he refused payment of said check when it was

presented by the petitioner. Some other facts of lesser importance will appear later. The question intended to be raised is whether the plaintiff is entitled to be paid its claim in full, or whether its rights are those of a general creditor of the commercial department of the Hanover Trust Company.

The established principles of law applicable here are stated in the case of *Hecker-Jones-Jewell Milling Co.* v. *Cosmopolitan Trust Co. ante,* 181, and need not be repeated. The Hanover company was the agent of the plaintiff, which forwarded the draft for collection, and title to the paper remained in the owner or forwarding bank. But when collection has been made, and the proceeds mingled generally with the funds of the collecting bank with the permission of the owner of the draft, unless a different intention is shown the money collected is not to be regarded as a trust fund; the legal relation between the transmitting and the collecting bank becomes that of creditor and debtor instead of principal and agent. As this court said in *Freeman's National Bank* v. *National Tube Works Co.* 151 Mass. 413, 418: "One who collects commercial paper through the agency of banks must be held impliedly to contract that the business may be done according to their well known usages, so far as to permit the money collected to be mingled with funds of the collecting bank. *Dorchester & Milton Bank* v. *New England Bank,* 1 Cush. 177. When a payment is made to his agent and the money is put with the money of the collecting bank, he has a right to receive a corresponding sum, but he loses his right to the specific fund. In the absence of directions to the contrary, the collecting bank may pay it to the bank to which it should regularly be remitted by setting it off against a debt due from that bank and giving credit for it in the account."

The facts relating to the payment of the draft in question are peculiar. The Hanover Trust Company detached from the plaintiff's draft the bill of lading, and delivered it to or for the benefit of Sullivan and Sullivan Company, the drawee, attaching it to a sight draft of the latter on David P. Virr Company. This bill of lading, which represented the shipment of cars to Sullivan and Sullivan Company, should not have been delivered except on payment of the draft, as it transferred the right to the goods. The Hanover Trust Company, by doing this without authority,

made itself responsible to the plaintiff for the amount of the draft. *First National Bank of Chicago* v. *Bayley*, 115 Mass. 228. *Newcomb* v. *Boston & Lowell Railroad*, 115 Mass. 230. Bills of lading act, G. L. c. 108, § 39. It may be that it assumed this obligation, as it forwarded its treasurer's check to the plaintiff in payment before the commissioner of banks took possession. A more rational inference is that the trust company undertook to pay the draft in reliance on the deposit of its customer, Sullivan and Sullivan Company. *Nineteenth Ward Bank* v. *South Weymouth Bank*, 184 Mass. 49. It had followed this method in earlier transactions. Prior to the receipt of this draft the Hanover company "had received from the petitioner eight drafts for collection and remittance and had collected and remitted at least one, the said collection being deposited with the general funds of the Trust Company and paid therefrom by treasurer's check." And it is upon this check that the plaintiff presented its claim to the commissioner of banks. In our opinion the facts show that the relation existing between the plaintiff and the Hanover company, as understood by them, before the commissioner took possession, was that of creditor and debtor.

The fact that the check of the Back Bay National Bank in payment of the draft drawn by Sullivan and Sullivan Company on David P. Virr Company was not put through clearing and paid until August 12, after the commissioner had taken possession of the Hanover Trust Company, cannot avail the plaintiff. See *Manufacturers' National Bank* v. *Continental Bank*, 148 Mass. 553. This check was not given in payment of the plaintiff's draft, which remained in the possession of the Hanover company and had been paid as above stated; hence the proceeds of this check were not impressed with a trust in favor of the petitioner. Whatever liability the Hanover Trust Company may have incurred by detaching the bill of lading from the plaintiff's draft, the proceeds of the larger draft drawn by Sullivan and Sullivan Company on one of its debtors could not constitute a trust *res* for the plaintiff's benefit. *Haskell* v. *Avery*, 181 Mass. 106, 107. *Freeman's National Bank* v. *National Tube Works Co.* 151 Mass. 413, 419. Accordingly it is unnecessary to consider the traceability of these proceeds into a specific fund in the hands of the bank commissioner. *Lowe* v. *Jones*, 192 Mass. 94. It should be added that the right to prefer-

ential payments should not be implied or extended in cases arising under this statute, one purpose of which is to ensure prompt liquidation in favor of the numerous depositors in the savings and commercial departments of trust companies.    G. L. c. 167, §§ 22–36.

A decree is to be entered that the plaintiff is a general creditor and entitled to receive such dividends on its claim of $6,335.21 as may be authorized to creditors of the commercial department of the Hanover Trust Company.

*Decree accordingly.*