## CHARLES RICE *vs.* BOSTON & WORCESTER RAILROAD CORPORATION.

The liability of a railroad corporation as a common carrier for hire of goods from one point to another on its road continues, after arrival of the car containing them at its point of destination, until they are unloaded and put into a reasonably safe and suitable place for their reception by the consignee, if they are not delivered to him at once.

A railroad company, having undertaken to carry assorted coal from one place to another on their road, immediately on the arrival of the cars containing it at the point of destination, without notifying the consignee, discharged the coal on bare ground so as to mix the different sorts and mingle soil with them. *Held*, that they were liable in damages to the consignee under a declaration alleging that they "negligently unloaded" the coal, "mixing the same with the soil and different kinds."

TORT alleging that the defendants as common carriers transported a quantity of assorted coal from Boston to Needham to be there delivered to the plaintiff as consignee and owner thereof, and, at Needham, without giving him due notice, or waiting a reasonable time for him to receive the coal and remove it, "negligently unloaded said coal immediately upon the arrival of the same, greatly injuring said coal and mixing the same with the soil and different kinds, thereby rendering the same unsalable, and making the plaintiff undue and great expense in removing the same."

Trial in the superior court, before *Morton*, J., without a jury when it appeared that the defendants were transporting from Boston to Needham two cargoes belonging to the plaintiff, comprising three hundred and fifty tons of different sorts and sizes

of coal, and, on August 12, 1866, dispatched from Boston some car loads of this freight; that, on their arrival at Needham, notice was given to the plaintiff, who at once set a gang of men to work removing them to his coal-shed; that, on August 15, while the plaintiff's gang was thus engaged, the defendants dispatched from Boston the remainder of the coal, accompanied by laborers, who, immediately on the arrival of the train at Needham, unloaded the cars by the side of the track, without preparing the ground to receive the coal by laying down boards or otherwise, and thereby the different sorts and sizes of coal were mixed and soil was mingled with it; that no notice was given to the plaintiff of the arrival of this part of the coal; and that there was no depot at Needham where it could have been placed under cover.

The defendants asked the judge to rule, 1, that they were not liable as common carriers after the arrival of the cars at Needham; 2, nor under obligation to give the plaintiff notice of the arrival of the coal before unloading; 3, nor liable on the plaintiff's declaration for any injury arising from the character of the place where they deposited the coal.

But the judge declined to make these rulings, and ruled " that the defendants were liable for the want of reasonable and ordinary care in unloading the coal after its arrival, and that, if no notice was given the plaintiff of the arrival of the coal, they must unload it in a proper place, and with reasonable and ordinary care." And the judge found " that it was not reasonable care to unload it upon the ground where this coal was unloaded, and where it was mixed with the mud and soil, and where the different kinds and sizes were mixed together." The defendants alleged exceptions.

*G. S. Hale*, for the defendants, to the point of the insufficiency of the declaration to support the action, cited *Fitzsimons* v. *Inglis*, 5 Taunt. 534.

*I. D. Van Duzee*, for the plaintiff.

BIGELOW, C. J. The rulings were clearly right. The only objection now urged to them is, that it should have been held that the defendants were not liable as common carriers after the

arrival of the cars at the place where the coal was to be delivered. But the position is untenable. The contract of a common carrier includes not only the transportation of merchandise to a particular point, but also its delivery there to the consignee, or the putting it into a suitable place where it can be received by him. A railroad corporation does not discharge itself of its duty as a carrier by merely bringing goods to the terminus of its road ; it is bound also to unload them with due care, and put them in a place where they will be reasonably safe and free from injury. Until this is done, the duty and responsibility which attach to a corporation as carriers do not close. *Thomas* v. *Boston & Providence Railroad Co.* 10 Met. 472, 477. *Norway Plains Co.* v. *Boston & Maine Railroad,* 1 Gray, 263, 272. In the latter case, on which the defendants' counsel seems to rely, it is expressly stated that goods must not only be safely carried, but also be discharged on the platform of a depot, or put into a place of safety.

It was a clear breach of the duty of the defendants in this case to unload the coal in an unsuitable place, where it could not be taken away without being mingled with foreign substances, or to unload it in such manner that different sizes and kinds were mixed together so as to render it unsaleable. The allegations in the declaration sufficiently set out this breach, and the plaintiff is entitled to recover under them the damages assessed by the court. *Exceptions overruled.*