WILLIAM STOWE & another *vs.* NEW YORK, BOSTON AND PROVIDENCE RAILROAD COMPANY.

A railroad corporation having transported merchandise to its destination, having unloaded it, and having notified the consignee of its arrival, is not liable as a common carrier, but at most as a warehouseman, for a damage happening to it after the lapse of a reasonable time for its removal.

In an action against a railroad corporation liable as a warehouseman for the custody of merchandise, it appearing that the merchandise when damaged was not stored in the freight-house, but exposed in the open air, evidence on the part of the corporation as to the sufficiency of the freight-house for the business usually done at that station, and as to the contents of the freight-house at the time of the damage, is admissible upon the question of the care used by the corporation in the custody of the merchandise.

In an action against a railroad corporation for damage to merchandise after it had been unloaded from the cars, and after the consignee had been notified that it was exposed and could not be stored, evidence on the part of the defendants that the consignee was customarily notified, upon the arrival of merchandise for him, that it could not be stored and must be immediately removed, is admissible, as bearing both upon the defendant's negligence, and upon the reasonableness of a delay on the part of the consignee in removing the goods.

CONTRACT, with a count in tort, against the defendants, as common carriers, for a failure to transport and deliver safely thirty bales of cotton at Shannock Mills, Rhode Island, to Aldrich & Co., the consignees.

Trial by jury having been waived, the case was heard in the Superior Court, by *Brigham*, C. J., when it appeared that the defendant corporation was a common carrier, owning a railroad between Providence, Rhode Island, and Stonington, Connecticut; that the plaintiffs sent thirty bales of cotton marked " Aldrich & Co., Shannock Mills, R. I.," from Canton, Massachusetts, by the Boston and Providence Railroad ; that these bales were received by the defendants at Providence, and carried by their cars to Richmond, a station on their road ten miles distant from Shan-- nock Mills, being the nearest station on their road to Shannock Mills, and the place where Aldrich & Co. usually received merchandise ; that the bales arrived at the Richmond station, Friday, May 8, at half-past three in the afternoon, and were immediately unloaded from the cars ; that some of the bales, which were in bad order, were put into the freight-house, and the remaining bales placed upon the adjoining platform ; that the consignees' teamsters removed some of the cotton that had been placed in the freight-house the next day, Saturday, and more of it the following Monday, and removed some of the cotton that had been placed upon the platform Sunday, May 10, and more the next day, Monday, May 11 ; that about five o'clock on the afternoon of Monday, the cotton remaining on the platform was set on fire by boys who were playing with matches, and was much damaged both by fire, and by water used to extinguish the fire ; that on the afternoon of Friday, May 8, the station agent requested a passenger upon the train to inform Aldrich, of the firm of Aldrich & Co., one of the consignees, that the cotton had arrived, that the defendants could not store it, and that it was exposed to the risk of fire ; that Aldrich received this notice Saturday night ; that no other notice of the arrival of the cotton was sent by the defendants, but that one of Aldrich's teamsters, who was at the station Saturday, had then taken one load of the cotton ; that Sunday Aldrich himself took five bales ; that the cotton was, after the fire, spread upon the ground to dry ; that the next morning Aldrich went to the station and was requested by the defendants to remove the cotton ; that it was not then removed, as the defendants and Aldrich could not agree upon the form of receipt to be given by him

that it remained till May 16, before it was taken away by Aldrich, having been in the mean time further damaged by rain.

Much evidence, not material to be set forth, was introduced, against the objection of the plaintiffs, as to the sufficiency of the defendants' station for the freight business done there; as to its contents at the time of the fire; as to the custom of Aldrich, when freight arrived there for him, to receive notices that he was to remove it immediately, that it was exposed to injury and was at his risk, and that the defendants neither insured nor stored goods, and as to the manner in which the fire occurred.

The court found upon the facts, which were set forth at great length in the exceptions, (being all the facts testified to at the trial,) that Aldrich & Co. had sufficient notice of the arrival of the cotton at the station, and that they had had, before the happening of the fire, a reasonable time in which to remove it; and ruled " as matter of law, that said facts authorized such findings; and upon all the foregoing facts ruled that the plaintiffs could not recover," and found for the defendants. The plaintiffs alleged exceptions.

*C. R. Train & J. O. Teele,* for the plaintiffs.

*W. G. Russell,* for the defendants.

Morton, J. Trial by jury having been waived, and the case heard and determined by the court, the plaintiffs can except only to the rulings of the presiding judge, in matters of law. His findings upon questions of fact are conclusive, and cannot be revised by this court. He found that the defendants carried the plaintiffs' cotton to its place of destination, safely unloaded it at their depot at Richmond, and gave notice of its arrival to the consignee, and that he had a reasonable time for its removal before it was burned. These are all questions of fact. The question of reasonable time, if material, might, under some circumstances, be a question of law, but here the time at which Aldrich received the notice was in controversy, and it was therefore a question of fact.

Upon these facts it is clear that the liability of the defendants as common carriers had ended before the cotton was damaged. *Norway Plains Co.* v. *Boston & Maine Railroad,* 1 Gray, 263.

*Rice* v. *Boston & Worcester Railroad,* 98 Mass. 212. *Barron* v. *Eldredge,* 100 Mass. 455. Their responsibility at most was that of warehousemen, bound to exercise reasonable care in the custody of the goods, and liable for negligence. The question whether the cotton was burned by reason of their negligence was purely a question of fact. The same is true of the question whether the second injury by the storm was caused by any negligence or fault of the defendants. Neither question can be determined as a matter of law, and it is not within our province to revise the finding of the presiding judge upon them as matters of fact. There was competent evidence which justified him in determining these questions in favor of the defendants, and his findings are conclusive.

We are of opinion that the evidence objected to by the plaintiffs was competent. Evidence of the sufficiency of the station for the freight business there, and of the manner in which it was occupied at the time of the fire, had some bearing upon the question whether the defendants had made reasonable provisions for the storage of goods, and had in all respects used due care in the custody of the cotton. Evidence that Aldrich had frequently received notices that the defendants did not store goods, and required their immediate removal, tended to show the usual course of business, and Aldrich's knowledge of it, and bore upon the question of the defendants' negligence, and of the reasonableness of Aldrich's delay in removing the goods. The mode in which the fire occurred was clearly competent upon the question whether it was caused by the defendants' negligence.

*Exceptions overruled.*