DANIEL G. BACON et al., Respondents, *v.* WINTHROP W. GILMAN, Appellant.

*It seems,* the true test to determine whether a contract of sale of goods is executory or executed is the intent of the parties. Whenever it is indicated, by express terms or by necessary implication, that such an act as weighing or separation from other articles is to precede the vesting of the title in the vendee the sale will be executory until the act is performed, but if there is no such intent the sale may be executed, although the act still remains to be done.

(Argued January 12, 1874; decided May term, 1874.)

THIS was an action for goods sold and delivered.

On the 19th February, 1859, the plaintiffs contracted with defendant for the sale of a quantity of hides then in store in New York. A bought and sold note was executed, stating the sale of 4,045 hides " no allowance except for sea-damaged, price twelve cents per pound cash." Plaintiffs delivered to defendant an order for the hides; upon it 1,867 sound hides ·and ninety-eight sea-damaged were delivered on the twenty-eighth February, and on March fourth defendant paid $2,500 on account; and thereafter, during the same months, the balance of the hides in bales were weighed and delivered. These bales were not opened by defendant until April twenty-second, when he claimed that 1,309 were sea-damaged. This action was commenced May fourth, four days after defendant notified plaintiffs that unless they took away the hides claimed to be sea-damaged, they would be sold on their account. Defendant claimed that the sea-damaged hides were excepted from the sale, and until they were separated the hides sold were not identified and the title did not pass, and that the action was prematurely brought. The referee found that but 130 of the hides were sea-damaged, and as a conclusion of law, that the intent of the parties as evidenced by the contract was to pass the title to all, with a deduction from the price for the sea-damaged; that the title did so pass and that the action was not prematurely brought, although commenced before the precise number of sea-damaged hides was ascertained. *Held,* no error; that the word

"allowance" simply meant a deduction on the price for sea-damaged, and the whole expression was used to exclude all claims for deductions based on any other grounds; that assuming the contract was executory, it became executed as soon as the weighing took place, and that the title having passed the action was not prematurely brought, as the number of sea-damaged hides was a subject of controversy and could only be determined by action. But that, even if the sea-damaged hides were excepted, the title to the others passed as the two classes of hides were capable of identification and separation, and were as completely distinguished in point of law as though in separate bales. The court laid down the rule in such cases as above.

*Charles H. Glover* for the appellant.

*Joseph H. Choate* for the respondents.

Dwight, C., reads for affirmance.
All concur.
Judgment affirmed.

(Argued January 12, 1874; decided May term, 1874.)