GEORGE W. SPAULDING *vs.* STEPHEN JENNINGS.

Suffolk.     December 16, 1898. — March 3, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Contract — Mortgage — Evidence — Construction of Agreement — Exceptions.*

In an action for the proceeds of some hay alleged to have been converted, the defendant having acted in good faith under a mortgage from A., who, before the plaintiff bought the land, had an agreement with the owner for a conveyance of it, an indenture between A. and a third person, made after the plaintiff's purchase and assented to in his name by his attorney, by which A. agreed to sell the farm on certain conditions, the plaintiff testifying that he did not know of the agreement, and there being no evidence of the attorney's authority, is properly excluded, as is also evidence of the attorney's talk in connection with it.

In an action for the proceeds of some hay alleged to have been converted, the defendant having acted in good faith under a mortgage from A., who, before the plaintiff bought the land, had an agreement with the owner for a conveyance of it, the plaintiff testified that he never knew of this agreement; and an agreement between the plaintiff and A. put in evidence provided that, if the plaintiff, "by virtue of an agreement with said A.," should purchase the land, the plain-

tiff would sell to A. at an advanced price, which price A. promised to pay. The judge ruled that the words quoted meant an agreement of the plaintiff with A., and refused to rule that the words were evidence that the plaintiff knew of A.'s earlier agreement with the owner. *Held,* that, whatever the words meant, they could not convert the contract between the plaintiff and A. into a mortgage.

No exception lies to the refusal to give an instruction in the language requested, if it is given in substance.

CONTRACT, to recover the proceeds of the sale of a quantity of hay, with a count in tort for its conversion. At the trial in the Superior Court, before *Sheldon*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. F. Perkins*, for the defendant.

*C. R. Clapp*, for the plaintiff.

HOLMES, J. This is an action for the proceeds of some hay which had belonged to the plaintiff, and which is alleged to have been converted. The defendant acted in good faith under a mortgage from one Hale, who since has disappeared, and the point of contention was with regard to the authority of Hale.

Before the plaintiff bought the land, Hale had an agreement with the owner for a conveyance of it, but the plaintiff testified that he never knew of this agreement, and there was no evidence to the contrary unless it is found in an agreement between the plaintiff and Hale, that, if the plaintiff " by virtue of an agreement with said Hale shall purchase the Oak Grove Farm," the plaintiff would sell to Hale at an advanced price, which price Hale promised to pay. The most far reaching argument for the defendant is that by virtue of this last agreement Hale became the equitable owner of the premises when the plaintiff purchased, and the plaintiff was only an equitable mortgagee. Supposing, contrary to the ruling of the court below, that the agreement referred to in the quoted words was the agreement of Hale with the owner, we still should be of opinion that there was no evidence that the agreement between the plaintiff and Hale was a mortgage rather than an agreement for a sale. It is true that Hale agreed to pay the price mentioned in it, but that price seems to have been an advance on what the plaintiff paid, as what the plaintiff paid was an advance on the sum named in the contract of the owner with Hale, and at all events the plaintiff bought from a third person and paid his own

money as his own money for the farm, there was no advance to
or previous debt due from Hale, and neither the situation of the
parties nor the tenor of the agreement suggests anything differ-
ent from the purport of the instrument on its face.  See *Perry*
v. *Meddowcroft*, 4 Beav. 197.  The attempt to base Hale's au-
thority upon equitable ownership fails.

The first exception is to the exclusion of an indenture between
Hale and third persons, made after the plaintiff's purchase and
assented to in the plaintiff's name by one Boardman, his lawyer,
by which Hale agrees to sell the farm on certain conditions.
The plaintiff testified that he did not know of the agreement,
and there was no evidence of Boardman's authority.  Even if
there had been, it hardly could be said that the use of the first
person by Hale in such an instrument amounted to anything,
although no doubt the instrument might have been let in.  With-
out proof of authority the indenture properly was excluded.  So
as to Boardman's talk in connection with it, the exclusion of
which also was excepted to.  Furthermore, it does not appear
what the defendant expected to prove.  *Honsucle* v. *Ruffin*, 172
Mass. 420.

The third exception is to an instruction by the court that the
words " by virtue of an agreement with said Hale," already
quoted from the contract of the plaintiff with Hale, mean an
agreement of the plaintiff with Hale ; and to a refusal to rule
that the words are evidence that the plaintiff knew of Hale's
earlier agreement with the owner.  It may have been going
rather far to rule, as matter of law, that the words mean an
agreement between the plaintiff and Hale ; but, as we already
have said, whatever they mean, they cannot convert the con-
tract between the plaintiff and Hale into a mortgage, and that
is the only point to which the question is material.

Two requests were made for rulings as to Hale's authority to
mortgage, based, one upon Hale's being in the possession and
management of the farm, and the other upon a supposed agree-
ment to share the profits that might be realized from holding
the farm.  It is enough to say that they are not argued by the
defendant, without implying that, even if the evidence had made
them pertinent, they ought to have been given.

There was a third request for an instruction, that, if the jury

found the probabilities equal as to whether or not Hale was rightfully managing the farm and authorized to dispose of the hay, the verdict must be for the defendant. This was not given in form, and it may be questionable whether even this was warranted by the evidence; but the court did instruct the jury that the burden of proof was on the plaintiff, and that, if they did not know whether the defendant got title to the hay or not, they must find for the defendant, and amplified and explained the notion. The substance of the instruction asked was given in a less argumentative form.

It is unnecessary to consider whether there was any evidence which would have warranted the jury in finding that Hale was authorized to execute such a mortgage as he did to secure a note of his own. *Exceptions overruled.*