## DELIA LEE *vs.* SAMUEL TARPLIN.

Suffolk.    January 26, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Deceit.    Practice, Civil.    Evidence.    Accord and Satisfaction.*

In an action for false and fraudulent representations, inducing the plaintiff to take in part payment for a house sold by her to the defendant a second mortgage upon a house belonging to the defendant's wife, the defendant cannot be asked in his own behalf, in what condition the house which he bought from the plaintiff was when he took possession of it, because, even if it appears that the defendant was harmed by the exclusion, the value of the plaintiff's house is not material to show the amount of damage caused by the deceit of the defendant, and the possibility, that the poor condition of the plaintiff's house might have led her to wish to part with it instead of the representations of the defendant, is too remote.

In an action for false and fraudulent representations, inducing the plaintiff to take a second mortgage on a house belonging to the defendant's wife, if it appears that the plaintiff, in order to prevent the expense of a foreclosure, took a deed of the equity from the defendant's wife, this is not evidence of an accord and satisfaction of the alleged tort.

In an action for false and fraudulent representations, inducing the plaintiff to take a second mortgage upon a house belonging to the defendant's wife, by showing the plaintiff another and better house as the one to be mortgaged and by false statements of the amount received as rental, it is, as matter of law, no defence that an agent of the plaintiff knew the identity of the house to be

mortgaged, if the plaintiff was deceived and the agent was ignorant of the fraud. In such a case the relation of the agent to the transaction is a question of fact for the jury under proper instructions.

Inducing one to take a mortgage on a certain house, by showing him another and better house as the one to be mortgaged and making false statements as to the rental value, is actionable.

If the rule of *caveat emptor* applies to a person induced to take a mortgage of a certain house by the defendant fraudulently showing him another and better house as the one to be mortgaged, it is a question of fact for the jury whether the plaintiff used reasonable diligence to ascertain the truth or falsity of the defendant's representations.

The rule of *caveat emptor* does not apply to a person induced to take a mortgage on a certain house, by false statements of the husband of the owner as to the rental value and number of tenants, the knowledge of these matters not being as open and available to the mortgagee as to the husband of the mortgagor.

TORT for alleged false and fraudulent representations, inducing the plaintiff to sell and convey her house on Lucas Street in Boston to Annie L. Tarplin, then Annie Lipman, and to take in payment $2,000 in cash and $2,000 in a mortgage note secured by a second mortgage on a certain house numbered 166, 168 on Chambers Street in Boston, the defendant Samuel Tarplin, husband of Annie, fraudulently showing to the plaintiff another house numbered 148 on Chambers Street of better construction and condition and of greater value, falsely representing it to be the house to be mortgaged, and also falsely stating and representing that the house to be mortgaged was occupied continuously by tenants at a rental of over $40 a month, and that the premises were free from incumbrances except a certain first mortgage. Writ in the Municipal Court of the City of Boston, against Annie L. Tarplin and Samuel Tarplin, dated September 12, 1900. Later the plaintiff discontinued against Annie L. Tarplin, and proceeded against Samuel Tarplin alone.

On appeal to the Superior Court the case was tried before *Pierce,* J. The jury made the following special findings in answers to questions submitted to them by the judge:

Did the defendant point out the house at 148 Chambers Street as being the house upon which he proposed that a mortgage should be given to the plaintiff, knowing that it was not and was not to be such property and intending that the plaintiff should believe that it was and that she should act and rely upon such misrepresentation in accepting the mortgage subsequently to be given her? The jury answered " Yes."

Before accepting the mortgage had the plaintiff learned from any source that the property pointed out to her was not the property described in the mortgage deed ? The jury answered " No."

Did the plaintiff rely upon the statement, if you find it was made, of the defendant that the property at 148 Chambers Street was the property to be conveyed by mortgage when she accepted the mortgage, and did she believe that the property described in the mortgage was the identical property pointed out by the defendant ? The jury answered " Yes."

The jury returned a verdict for the plaintiff in the sum of $2,000 ; and the defendant alleged exceptions.

The first exception was to the exclusion of the following question, put to the defendant by his counsel, referring to the house in Lucas Street sold by the plaintiff to Annie Lipman, afterwards the wife of the defendant: " Now, Mr. Tarplin, tell the jury the condition that house was in when you took possession of it." The other exceptions were to the refusal of the judge to make certain rulings requested by the defendant. The questions raised by them are stated by the court.

*J. W. Pickering & W. H. H. Emmons,* for the defendant.

*E. F. McClennen,* for the plaintiff.

BRALEY, J. The defendant took exceptions to the exclusion of certain evidence ; and the refusal to give various rulings requested by him at the trial, and we take up and consider them in the order presented in his brief.

The defendant's first exception is to the exclusion of the question asked him as to the condition of the house 50 Lucas Street. It does not appear from the bill of exceptions that any offer of proof was made, or what the testimony of the witness would have been in answer to the question, or that the defendant has been prejudiced by its exclusion, and this would be sufficient to dispose of the exception. *Commonwealth* v. *Smith,* 163 Mass. 411, 429. But treating the question as open to the defendant we fail to see that the evidence was material to any issue in the case. The property concerning which the false representations were made was in Chambers Street, and the condition of the property in Lucas Street, and nothing more, does not seem to be relevant ; not as to damages, the measure of which

is not the difference in value between the property parted with, and the value taken therefor, but the difference between the value of the property then and there received, and its value if it had been as represented; not as to liability, for the possibility that the want of repair of the house, and general unsanitary condition of the premises, led the plaintiff to part with her title to the property rather than the representations of the defendant, was so remote that the evidence might well be regarded as irrelevant and immaterial and would introduce collateral issues into the case. *Burke* v. *Kaley*, 138 Mass. 464.

After the deeds between the parties had been passed and the plaintiff had ascertained that the representations made to her by the defendant were false, and that she was a loser by the transaction, the interest on the mortgage given by Annie Lipman to her on the Chambers Street property fell due, and, being unpaid, instead of a foreclosure of the mortgage an arrangement was made between the parties whereby the title to the property was conveyed to the plaintiff, she to assume and pay the first mortgage thereon, and the second mortgage note and mortgage were given up and cancelled. This arrangement apparently was for the purpose of saving the expense of foreclosing the second mortgage on a piece of property which ultimately turned out to be worth less than the amount of the first mortgage. The defendant claims that this worked an accord and satisfaction of the alleged tort, and the question should have been left to the jury under proper instructions. But it is clear that the arrangement between the parties referred solely to the transfer by Annie Lipman to the plaintiff of her title to the mortgaged property, and the evidence fails to show either in the terms of the transaction itself, or by any talk or arrangement between the parties that the agreement whereby the plaintiff acquired the title to the Chambers Street property, subject to the first mortgage, rather than to get title by foreclosure, was understood by them to be anything more than what it purported to be, and was not understood to be a satisfaction or release of the plaintiff's cause of action against the defendant. In the absence of such an agreement the ruling of the judge that under the defendant's amended answer, pleading, accord and satisfaction, there was no evidence to support such a defence was clearly right.

The defendant further claims that the plaintiff was bound by the knowledge of her agent Kerrison as to the condition of the Chambers Street property, or as put in the form of his request for a ruling at the trial, " As the plaintiff's agent knew about the property 166 and 168 Chambers Street before she signed the agreement, and before the title was passed, the plaintiff cannot recover." But there was evidence that the plaintiff believed from what the defendant represented to her, that in part payment for the Lucas Street property, which she was conveying to Annie Lipman, a mortgage was to be given her on premises known as 148 Chambers Street instead of which the mortgage back was on property 166 and 168 Chambers Street, and of much less value, and that Kerrison was ignorant of this misrepresentation of the defendant though he knew as a matter of fact that the premises 148 Chambers Street were not premises known as 166 and 168 Chambers Street. If the plaintiff relied on and was induced by the false representations of the defendant to carry out the trade and part with her property, and was thereby damaged, it would seem that when sued for the damages suffered by his deceit it is no defence for him to say that an agent of the plaintiff, and who was ignorant of the fraud practised on her, was in possession of information which if disclosed by him to her would have shown that she was deceived. *Burns* v. *Lane*, 138 Mass. 350, 355.

The extent of Kerrison's knowledge of the dealings between the defendant and the plaintiff, and how far he represented and acted for her, and to what extent she was bound by his knowledge of the property on which she finally took the mortgage, was left to the jury, by the presiding judge, under instructions that were clear and sufficient in law, and the defendant has no just ground of exception.

The defendant further requested a ruling that upon all the evidence the plaintiff could not recover, and this was properly refused.

The declaration was not demurred to, and contains allegations that if proved gave the plaintiff a good cause of action. It is well settled that the false representations alleged to have been made by the defendant to the plaintiff concerning the rental value and identity of the premises to be mortgaged back to her

to secure a part of the purchase price of the Lucas Street property, and that "said premises were occupied at the time of said representations and continuously by tenants at a rental of forty dollars per month and over," whereby the plaintiff was induced to part with her property are actionable and sufficient to sustain a verdict. *Hazard* v. *Irwin*, 18 Pick. 95, 105, 106. *Medbury* v. *Watson*, 6 Met. 246, 260. *Weeks* v. *Currier*, 172 Mass. 53, 54.

Where representations as to the quality of goods sold, whether the sale is by sample or in bulk, are made by the vendor in the buyer's presence and the vendee has a full opportunity for inspection and examination and can find out and determine for himself the truth or falsity of such statements made by the seller, and thereafter chooses, under such circumstances, to purchase and is deceived, he has no cause of action against the vendor. *Brown* v. *Leach*, 107 Mass. 364, 368. But this rule cannot be applied in every case, and as has been pointed out the distinction is between seller's talk as to value and quality, and there the rule of *caveat emptor* applies; while in another class of cases the buyer may be warranted in relying wholly on the word of the seller and hold him liable in damages for fraud. *Whiting* v. *Price*, 172 Mass. 240, 241. *Honsucle* v. *Ruffin*, 172 Mass. 420, 422. If this rule is to be applied in this case as the defendant argues, whether the plaintiff was called upon to use, and did use, reasonable diligence, which was all that she was required to exercise to ascertain the truth or falsity of the defendant's representations was a question for the jury, and in the absence of any statement to the contrary in the bill of exceptions must be presumed to have been submitted to them under sufficient instructions. *Burns* v. *Lane*, *ubi supra*. *Holst* v. *Stewart*, 161 Mass. 516, 522.

At least it cannot be said that knowledge of the rental value of the property in this case and of the number of tenants was as open and available to the plaintiff as to the defendant. *Hazard* v. *Irwin*, *ubi supra*.

This disposes of all matters argued by the defendant, and, there being no error shown at the trial in the Superior Court, the entry must be

*Exceptions overruled.*