OVILA BACHANT *vs.* BOSTON AND MAINE RAILROAD.

Worcester.   October 6, 1904. — February 28, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Carrier. Railroad. Negligence. Evidence,* Admissions and confessions, Competency. *Agency. Practice, Civil,* Exceptions.

Where a railroad has not provided a freight house for the storage of merchandise and consignees are expected to unload their goods directly from the cars after receiving notice that they are ready for delivery, it is the duty of the railroad company notifying a consignee of the arrival of goods to place the car containing them where it can be unloaded with safety and convenience, and a person coming with his team to unload the goods for the consignee, if shown the car by the station agent and told by him to " back up there; it is all right," is justified in relying upon this statement, and is not called upon to exercise constant observation to avoid injuries to his team from a train coming on a side track.

For a railroad company to give notice to a consignee that grain is ready for delivery, and to place the car loaded with the grain on a spur track where a team stationed to receive the grain will be struck by any train running upon a side track near the spur track, and then to run a train on the side track and injure

the team of a person unloading the grain for the consignee is evidence of negligence on the part of the railroad company.

In an action against a railroad company for injury to the plaintiff's team while unloading goods from a car on a spur track of the defendant from being struck by a train run upon a side track near the spur track, statements made after the accident by the station agent of the defendant not in the performance of his duty as to the use of the spur track as a delivery track are not admissible against the defendant as admissions of liability, but evidence that the station agent told other consignees of freight or their servants to use the space between the spur track and the side track for the purpose of unloading goods from the cars is admissible, such statements being within the scope of the station agent's employment, and being competent to show that the method of unloading adopted by the plaintiff at the time of the accident was in accordance with the direction of the agent and the general course of business with others, and therefore should have been anticipated by the defendant.

No exception lies to the exclusion of a question where it does not appear what answer the witness was expected to make.

TORT for injury to the plaintiff's team from being run into by a train of the defendant as described in the opinion. Writ dated January 15, 1904.

At the trial in the Superior Court before *White,* J. the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, raising the questions stated by the court.

The case was argued at the bar in October, 1904, before *Knowlton,* C. J., *Barker, Hammond,* & *Braley,* JJ., and afterwards was submitted on briefs to all the justices.

*A. T. Saunders,* for the plaintiff.

*C. M. Thayer,* (*A. H. Bullock* with him,) for the defendant.

BRALEY, J.    This is an action of tort to recover for injuries to the plaintiff's harnesses, horses and wagon, alleged to have been caused by the defendant's negligence while unloading grain from a car at its station in the town of Weston.

The defendant had not provided a freight house for the storage of merchandise, and apparently consignees were expected, on receiving notice that consignments were ready for delivery, to unload their goods directly from the cars.

In accordance with this system of dealing, the transportation of the grain could not be considered as ended or the carrier released by delivery until the consignees had been notified and the car placed where it could be unloaded conveniently by them. *Thomas* v. *Boston & Providence Railroad,* 10 Met. 472, 477. *Norway Plains Co.* v. *Boston & Maine Railroad,* 1 Gray, 263,

272. *Kimball* v. *Western Railroad,* 6 Gray, 542, 544. *Rice* v. *Boston & Worcester Railroad,* 98 Mass. 212. *Rice* v. *Hart,* 118 Mass. 201, 208. *Independence Mills Co.* v. *Burlington, Cedar Rapids & Northern Railway,* 72 Iowa, 535.

By the location and arrangement of the defendant's tracks, to do this the car had been run upon a spur track so located that it could be reached and unloaded only from one side. To reach the car it was necessary to back a team into a triangular space between this spur track and a side track, which connected at each end with the main track, and was used to enable trains meeting at the station to pass each other. This space was shown by the testimony to be from ten to thirteen feet wide at the end near the highway, and gradually narrowing until it reached a point where the spur track joined the side track.

The plaintiff, who was under a contract with the consignees to unload the grain, sent his servant Coté with a team and the freight bill to the station. Upon delivery of the freight bill to the station agent, one Cole, who for this purpose represented the defendant, Coté testified that this conversation took place : " He showed me a car and told me to back up there; it was all right." In connection with the duty imposed on the defendant Coté was justified in relying upon this statement as an assurance that the place where the grain was to be unloaded was safe.

Two loads were taken out the first day without accident, but on the morning of the second day, when for the purpose of getting the third load the wagon and horses were placed between the tracks with the wagon close to the side of the car, and opposite the door, they were struck and damaged by one of the locomotives of the defendant that was passing over the side track.

On this evidence the jury could have found that they were there properly with the knowledge and direction of the defendant's agent, and that in backing up to the car in the manner described, as safe a position was taken as any that could have been occupied at the time of the accident.

It could have been found further that the car while being unloaded was in such a place that the team would be likely to be struck by passing trains, and that a proper place for the delivery of the grain had not been provided.

Under its contract as a common carrier the defendant was

required to provide a safe and proper place for delivery. *Jewell* v. *Grand Trunk Railway*, 55 N. H. 84, 91. *Independence Mills Co.* v. *Burlington, Cedar Rapids & Northern Railway, ubi. supra. Anchor Mill Co.* v. *Burlington, Cedar Rapids & Northern Railway*, 102 Iowa, 262.

The plaintiff, or his servant, while unloading, was not obliged to be in a state of continual apprehension that locomotives or cars might run over the side track and come into collision with the team, nor was he required constantly to observe the track to avoid such a collision. He had the right to assume that while thus engaged, at a place designated by the defendant, he would not be subjected to injury in person or property by its negligence. *Pratt* v. *New York, New Haven, & Hartford Railroad, ante,* 5.

Neither the consignees nor those lawfully acting for them were obliged thus to take the chance of injury, and they were entitled while at work in the place prescribed by the defendant to be free from the danger of being run down by trains in its control. *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, 372. *Hathaway* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 286, and cases cited.

To place the car, and then to run its locomotive so that it came into collision with the team, was evidence of negligence in the management of its business at the station. Both acts showed a breach of duty towards the plaintiff on the part of the defendant. *Hathaway* v. *New York, New Haven, & Hartford Railroad, ubi supra.*

At the trial the jury were instructed that if the plaintiff's servant had obtained permission from the station agent to unload the grain he thereafter assumed any risk incident to the situation, and the plaintiff could not recover.

But the case before us is not parallel with *Miner* v. *Connecticut River Railroad*, 153 Mass. 398, where the doctrine of *volenti non fit injuria* was applied. There was evidence in that case not only showing knowledge on the part of the person in charge of the plaintiff's horse of the danger of going into the freight yard, but that fully appreciating the danger he voluntarily entered the yard, and that upon request he could have had the car moved to another and suitable place before being unloaded. Here the grain if delivered at all, must be taken out

where the car was placed by the defendant, and it also appears that if Coté's evidence was believed he did not know there was danger from collision with trains passing over the side track.

When this erroneous view of the law was stated in the first part of the instructions no exception appears to have been taken. But in a later portion of the charge, to which the plaintiff did except, the same doctrine was repeated in these words : " Cole says he came up there in the ordinary way and asked for the shipping bill and the number of the car was given him and the shipping bill was given him and that was all there was to it. If that is all there was to it then your verdict should be for the defendant."

The jury must have understood from this instruction that it was not the duty of the defendant to provide a safe place for the delivery of goods, and that the plaintiff's servant after he knew where the car was, took his chance of unloading the grain at such time, and in such way as would suit the convenience of the defendant in the running of its trains, and that constant observation would be required by him to avoid injury.

This instruction was wrong, and as an exception was properly saved it must be sustained.

The remaining exceptions relate to the exclusion of evidence. Whatever was said by the agent after the accident relating to the use of the spur track as a delivery track was a statement not made by him in the performance of his duty, and could not bind the defendant as an admission of liability. *Boston & Maine Railroad* v. *Ordway*, 140 Mass. 510, 512.    *Wellington* v. *Boston & Maine Railroad*, 158 Mass. 185.

The question put to the civil engineer, and excluded, does not appear to have prejudiced the plaintiff, for it is not shown what answer the witness was expected to make. *Lee* v. *Tarplin*, 183 Mass. 52, 54.

But the exclusion of evidence that the space between the spur and side tracks was the place which other consignees of freight, or their servants, were told by the station agent to go into, or use, for the purpose of unloading goods from the cars was wrong.

Such instructions given by the agent were within the scope of his employment, and binding on the defendant. *Lane* v. *Boston*

*& Albany Railroad*, 112 Mass. 455. And it was competent for the plaintiff to show that the defendant's customary way of delivering freight generally, was to run cars upon the spur track to be unloaded, and that while unloading the consignees would have to drive in between the spur track and the side track. It consequently would follow that the method adopted by the plaintiff at the time of the accident was in accordance with the direction of the agent and the general course of business with others, and hence should have been anticipated by the defendant. While the transfer was being made it was bound to see that neither the plaintiff nor his property was injured by any act of negligence on its part. *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379, 382.

*Exceptions sustained.*