EDITH G. MITCHELL *vs.* CITY OF BOSTON.

Suffolk. March 28, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Way,* Public: damages from alteration of highway. *Damages,* For property taken or injured under statutory authority. *Practice, Civil,* Conduct of trial: rebuttal.

Under R. L. c. 48, § 15, which provides that in estimating the damages to property of a person by the alteration of a highway "regard shall be had to all the damages done to him, whether by taking his property or by injuring it in any manner and there shall be deducted the benefit accruing to such property thereby," a petitioner for damages is required to show that the damages to his property exceed the benefits; and at the trial of such a petition, where the respondent in defense has introduced evidence of benefits to the petitioner's property, it is within the discretionary power of the presiding judge to refuse to allow the petitioner to introduce evidence in rebuttal bearing upon such benefits and tending to diminish their value.

PETITION, filed in the Superior Court on January 1, 1912, for the assessment of damages alleged to have been caused to real estate of the petitioner on Railroad Street at the corner of Willow Street in that part of Boston called West Roxbury by the reconstruction and change of grade of Railroad Street.

The case was tried before *Wait*, J. The course of the trial is described in the opinion. The evidence offered in rebuttal, which was excluded by the judge as stated in the opinion, was the testimony of a real estate expert in regard to which the counsel for the petitioner stated that he wished to produce him as an expert on matters gone into by a witness for the defense "as to the benefit to the property," and further said, "Benefit is a part of the defense. I want his evidence to meet that."

The jury returned a verdict for the respondent; and the petitioner alleged exceptions.

The case was submitted on briefs.

*H. R. Morse & W. M. Noble*, for the petitioner.

*G. A. Flynn*, for the respondent.

RUGG, C. J. This is a petition for the assessment of damages caused to real estate of the petitioner by the widening, reconstruction and raising of the grade of a public way. No betterments were assessed. The language of the governing statute (R. L. c. 48, § 15) is: "In estimating the damage to property of a person by the laying out, relocation, alteration or discontinuance of a highway, or by an order for specific repairs, regard shall be had to all the damages done to him, whether by taking his property or by injuring it in any manner and there shall be deducted the benefit accruing to such property thereby."

The petitioner in putting in her case introduced no expert evidence as to the difference in the market value of her property before and after the street changes, but offered evidence tending to show the most reasonable method of correcting the injury to her estate caused by the elevation in the grade of the street, and evidence as to the diminution of the market value of her property arising from the acts of the respondent, and rested.

The evidence of the respondent tended to show that the petitioner's estate had been benefited in some aspects by its acts in the premises, and that the net result of the particular benefits set off against the injury was that the estate was as valuable as

it was before the acts complained of. The petitioner in reply sought to introduce evidence bearing upon the benefit to her estate. Her exception to the refusal of the Superior Court to admit this evidence brings the case here. Her contention is that benefit is a defense and hence open to contradiction by way of reply. This position is not sound. The damage to which a petitioner is entitled in cases of this sort is a sum of money which will compensate her and make her as rich as, but not richer than, she was before the act of changing the street. An estimate of such compensatory sum can be made ordinarily only by finding the difference in the value of the estate before and its value after the street changes. Consideration of the benefits conferred is as essential an element in ascertaining compensation as consideration of the injury caused. Both must be taken into account and weighed the one against the other before the right result can be reached. It follows that it was a part of the petitioner's case in chief to offer her evidence touching the benefits accruing as well as the injury suffered. Having failed to proffer such evidence before resting, it was discretionary with the trial judge whether she should be permitted to introduce it for the first time in reply to the defense.

*Exceptions overruled.*