ANNIE S. JEWETT, administratrix *de bonis non*, *vs.* BOSTON
ELEVATED RAILWAY COMPANY.

Suffolk.   December 1, 1914. — December 30, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Evidence, Res inter alios.  Medical Examiner,* Report of.  *Witness,* Cross-
examination.  *Practice, Civil,* Conduct of trial: order of evidence.

In an action by an administrator against a corporation operating a street railway
for causing the death of the plaintiff's intestate, the plaintiff, for the purpose of
showing the cause of the death of his intestate, cannot put in evidence the report
of an autopsy upon the body of the intestate made by a medical examiner under
R. L. c. 24, §§ 9, 10, and St. 1909, c. 273, § 1, in which by the statute the exam-
iner is required to record "every fact and circumstance tending to show the
condition of the body and the cause and manner of death."

At the trial of an action for causing the death of the plaintiff's intestate, the report
of a medical examiner is not made competent as evidence because it may have
been one of the grounds on which an expert, who has testified, based his
opinion.

Where a medical expert, in testifying as a witness for the defendant at a trial, has
used a report made by him, which would be incompetent as evidence, to refresh
his recollection, this does not give the plaintiff the right to put in the whole of
the report, and it is proper for the presiding judge, upon the cross-examination
of the witness, to allow the jury to hear only those parts of the report which
tend to vary or control the witness's previous testimony.

In an action by an administrator against a corporation operating a street railway
for causing the death of the plaintiff's intestate, it is proper for the presiding
judge to refuse to allow the plaintiff, in his cross-examination of a medical
expert called by the defendant, to ask the witness the question, "You never
understood, or claimed, that violence was occasioned from any other source than
[the defendant]?," it being a matter wholly immaterial whether the witness
ever had understood or claimed that violence to the plaintiff's intestate
was otherwise occasioned.

Where, in an action by an administrator for causing the death of the plaintiff's
intestate, the plaintiff in putting in his case called as a witness the physician
who attended the intestate after the accident and introduced no other expert
medical testimony, it is within the discretionary power of the presiding judge
to refuse to allow the plaintiff upon rebuttal to ask a new witness, qualified as
a medical expert, a hypothetical question relating to the connection between
the injury to the intestate and her death.

TORT by the administratrix *de bonis non* of the estate of Mary
S. Swank, late of Boston, with a declaration in two counts, the

first count for causing the death of the plaintiff's intestate by injuries sustained by her on August 25, 1911, when she was a passenger in a street railway car of the defendant on South Street in the part of Boston called Jamaica Plain, by reason of a collision of the car with a heavy dray or truck in consequence of which the intestate died on August 27, 1911, and the second count for the conscious suffering of the intestate by reason of the same injuries. Writ dated November 22, 1911.

In the Superior Court the case was tried twice. The second trial was before *White,* J. Dr. Worthington, mentioned in the opinion, attended the plaintiff's intestate after her injuries. He testified for the plaintiff both as to facts observed by him and as to his opinion as a medical expert. The plaintiff did not call any other physician as a witness in presenting her case in chief.

The plaintiff offered in evidence a certified copy of the report of an autopsy performed upon the body of the intestate by Dr. Magrath, mentioned in the opinion, who was one of the two medical examiners of the county of Suffolk and who made the report and filed it in the clerk's office of the Municipal Court of the West Roxbury District under R. L. c. 24, §§ 9, 10. The judge excluded the report of the autopsy.

Later Dr. Magrath was called by the defendant as one of its witnesses and qualified as a medical expert. He was cross-examined by the plaintiff, who in the cross-examination made use of the report of the autopsy, with which the witness had refreshed his recollection. The plaintiff then asked the witness to read the whole of the report. On objection of the defendant the report as a whole was excluded by the judge, who told the plaintiff's counsel that he had only the right to call attention to anything in the report that contradicted the witness's present statement or present opinion.

During the cross-examination of Dr. Magrath the plaintiff asked him the question: "You knew from the beginning that whatever complaint was made about violence of this lady's death, that it was chargeable by her friends to the elevated road; that the accident occurred when she was on the road?" On objection of the defendant the judge excluded the question.

The plaintiff then asked the witness the question, "You never understood, or claimed, that violence was occasioned from any

other source than the elevated?" This question also was excluded by the judge on the defendant's objection.

After the defendant had rested, the plaintiff called in rebuttal Dr. Leary, mentioned in the opinion, who was one of the medical examiners for the county of Suffolk. After he was qualified as a medical expert, the plaintiff asked him a hypothetical question, which was excluded by the judge as not being a proper one to be answered in rebuttal. Thereafter Dr. Worthington was called in rebuttal and was permitted to answer the same hypothetical question that had been put to Dr. Leary.

The jury on the first count, for causing the death of the intestate, returned a verdict for the defendant, and on the second count, for conscious suffering, returned a verdict for the plaintiff in the sum of $2,000. The plaintiff alleged exceptions to the exclusion of evidence mentioned above.

*J. E. Cotter,* for the plaintiff.

*F. Ranney, (T. Allen, Jr.,* with him,) for the defendant.

SHELDON, J. 1. The first question raised is whether the medical examiner's report of his autopsy, filed in court under the provisions of R. L. c. 24, § 10, and St. 1909, c. 273, § 1, was competent evidence to show the cause of the death of the plaintiff's intestate. If we assume that this report was a public document and became by its filing in court a public record, we are yet of opinion that it rightly was excluded. Its statements as to the conclusions reached and as to the cause of the death were not statements of facts within the medical examiner's own observation, but of matters of opinion reached upon his medical knowledge or by way of inference from answers to his inquiries or from facts observed by himself or the witnesses at the autopsy. His opinion, if he formed one, that death was or was not caused by violence, might have been reached either from his mere view of the body or as the result of inquiry. R. L. c. 24, § 10. The defendant was not a party or privy to the examination or the autopsy, and had no right to appear or to be heard thereat. As to it, the whole proceedings and the result thereof were *res inter alios,* no more competent against it than the record of a judgment between strangers. *P. Garvan, Inc.* v. *New York Central & Hudson River Railroad,* 210 Mass. 275, 279.

It is true that the record of a fact, made by a public officer,

whose duty it is both to perform and to record it, is competent evidence of the truth of that fact. This principle has been applied to records of the weather kept by proper officers under the law. *Commonwealth* v. *Dorr*, 216 Mass. 314. *Hufnagle* v. *Delaware & Hudson Co.* 227 Penn. St. 476. *Kolodrianski* v. *American Locomotive Works*, 29 R. I. 127. *Evanston* v. *Gunn*, 99 U. S. 660. So as to the records of a postmaster of the acts of himself or of his subordinates, required to be so done and recorded; *Gurney* v. *Howe*, 9 Gray, 404; and records required to be kept by towns and cities as to matters of public concern. *Hanson* v. *South Scituate*, 115 Mass. 336. *Shutesbury* v. *Hadley*, 133 Mass. 242. *Pells* v. *Webquish*, 129 Mass. 469. So acts of the Legislature or other public officers or of courts, which create a status or which establish or recognize a given state of affairs, in matters concerning the public and coming within their jurisdiction, are competent to prove what thus has been created or recognized. *Whiton* v. *Albany City Ins. Co.* 109 Mass. 24. *Worcester* v. *Northborough*, 140 Mass. 397. *Commonwealth* v. *King*, 150 Mass. 221.

There are decisions which hold that the verdict of a coroner's jury is competent evidence of the cause of the death in question before them, in a civil suit afterwards brought in which such cause is a material question. *Prince of Wales Association* v. *Palmer*, 25 Beav. 605. *Walther* v. *Mutual Life Ins. Co.* 65 Cal. 417. *United States Life Ins. Co.* v. *Vocke*, 129 Ill. 557. *Pyle* v. *Pyle*, 158 Ill. 289. *Grand Lodge Independent Order of Mutual Aid* v. *Wieting*, 168 Ill. 408. This has been put upon the ground that the inquest is a proceeding in which the public interest is concerned, which is held openly, and to which all persons can come and offer evidence, which is held by sworn officers under a binding duty, and the result of which may be regarded as one of those matters of public concern which share the nature of proceedings *in rem*. See Greenleaf on Evidence, §§ 550, 556. But even as to this question there has been much contrariety of decision. One of the most recent cases against such admissibility is *Boehme* v. *Sovereign Camp Woodmen of the World*, 98 Texas, 376. Many other decisions are collected in the note to that case, 4 Am. & Eng. Ann. Cas. 1020, in which it is said that the weight of authority is that such evidence is incompetent.

But however that may be, the report of a medical examiner

under our statutes stands upon a different footing. It is no part of his duty to ascertain and report the cause of death. He is to view the body, to examine it and make personal inquiry into the cause and manner of death. If he considers a further examination necessary, he is then, if authorized by certain public officers, to make an autopsy in the presence of two or more witnesses, and to record "every fact and circumstance tending to show the condition of the body and the cause and manner of death." His duty to file a copy of his record is made dependent, not upon his finding or judicial ascertainment of the cause of death, but upon his mere opinion that the death was caused by violence. An inquest then is to be held by a judicial officer, from which all persons not required by law to be present are excluded. R. L. c. 24, §§ 9 et seq. Sts. 1909, c. 273, § 2; 1912, c. 443.

Under such a statutory system, we perceive no ground upon which the report of the medical examiner, or a duly authenticated copy thereof, can be admitted in evidence to show the truth of the matters therein stated or even to show that the death was caused by violence. We are aware of no decision in any jurisdiction which goes to such a length. The duty of the medical examiner is merely to ascertain and preserve certain evidence that it may be available if needed for future proceedings. The reasoning in *Allen* v. *Kidd,* 197 Mass. 256, is applicable; and the decisions in *P. Garvan, Inc.* v. *New York Central & Hudson River Railroad,* 210 Mass. 275, 279, *Butchers Slaughtering & Melting Association* v. *Boston,* 214 Mass. 254, 258, and *Commonwealth* v. *Borasky,* 214 Mass. 313, 317, state the rule which must be followed.

2. This report could not be admitted as being one of the grounds of Dr. Worthington's opinion, under the rule stated in such cases as *Cronin* v. *Fitchburg & Leominster Street Railway,* 181 Mass. 202. That rule does not allow a party, as a matter of right, to prove as the ground of an opinion facts in themselves incompetent. See the cases collected in *Commonwealth* v. *Sinclair,* 195 Mass. 100, 108.

3. Dr. Magrath used his report only to refresh his memory therefrom. That did not give the plaintiff the right to put in the whole report; and it was better practice to allow the jury to hear only those parts of it which tended to vary or control the previous

testimony of the witness. *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431, 438. The ruling on this point did not infringe any rights of the plaintiff.

4. It was wholly immaterial whether Dr. Magrath had ever understood or claimed that violence was occasioned to the deceased from any other source than the defendant. The plaintiff's question about this rightly was excluded.

5. It was for the judge at the trial to say as a matter of discretion whether Dr. Leary should be allowed in rebuttal to testify as to any connection between the injury to the intestate and her death. That was a part of the plaintiff's case in chief. *Mitchell* v. *Boston,* 215 Mass. 150. No abuse of this discretion has been shown.

We find no error in any of the rulings excepted to, and the exceptions must be overruled.

*So ordered.*