Rollins, J.
In this action the plaintiff, hereinafter called the Town, seeks to recover from the defendant the sum of $1530 which it had paid to him as Old Age Assistance under the provisions of Gr. L. chapter 118-A and the rules and regulations of the Town. The plaintiff’s declaration contains three counts; the first for money had and received, the second for fraud in securing Old Age Assistance by falsely representing that he owned less than $300 in property, and the third for neglecting to give to the authorities of the Town information that he had transferred over $2000 in money in a savings hank account in his name *340 by transferring said account into a joint account with one Emma J. St. Yves. The third count was evidently drawn to take advantage of the provisions of G. L. chapter 118-A, paragraph 6, which provides in brief that no Old Age Assistance shall be granted to an applicant who, within five years prior to his filing an application for such assistance, has made an assignment or transfer of property so as to> render himself eligible to such assistance.
At the trial there was evidence tending to show the following facts:
The defendent made application for the Old Age Assis tance on or about January 10, 1938 and at that time told the officials of the Town that the only property he owned was a deposit in the Union Savings Bank of Fall River in the amount of $270.37. The rules and regulations of the Town prohibited the granting of Old Age Assistance' to an applicant, owning more than $300.
As a matter of fact the defendant, at the time of filing the application also owned an interest in a deposit of $2478.08 in the Citizens Savings Bank of Fall River standing in the joint names of the defendant and his niece, Emma J. St. Yves and “payable to either or the survivor”.
Prior to February 27, 1936 this account in the Citizens Savings Bank stood in the name of the defendant alone and on the last mentioned date, the defendant, for reasons set forth in the Report, had the account changed over into the joint account above described. .
At the trial the following questions were put to a witness, the .said Etmma J. St. Yves in cross examination by the defendant. These questions were excluded upon objection by the plaintiff.
1. “What was the conversation between you and Mr. Freelove relative to this account on or before February 27, 1936”?
*341 2. “What talk did you have with Mr. Freelove on or about February 27,1936 concerning payment for services that you rendered to him”!
By such questions and answers thereto the party seeking the same expected the answer to be that at or about the time of the creation of the joint account the defendant told her that it was in payment for money loaned and services rendered. The defendant requested that said rulings- be reported.
Further during said trial, the plaintiff was allowed to introduce in evidence, against the objection of the defendant, a certain document purporting to be the official record or report of an investigator or, “Area Visitor”, named Malo, of the Department of Public Welfare of the Commonwealth addressed to the Bureau of Old Age Assistance of the Town.
At the close of the trial the plaintiff filed nine requests for rulings of which the Court denied requests numbered 2 and 3 and allowed the other seven. The defendant filed nine requests for rulings of which the Court allowed request numbered 4 and denied the remainder.
The Court made the following findings of fact:
“From all the testimony I find that on January 10, 1938, the defendant made application for old age assistance, that the request was granted, and that payments of $30.00 a month to him were begun on January 15, 1938. At the time of the filing of the application the defendant had on deposit in the Union Savings Bank in Fall River the sum of $270.37. The existence of this deposit was disclosed in the application. At this very" time there was on deposit in the Citizens Savings Bank of Fall River the sum of $2478.08, the account standing in the name of the defendant and Emma St. Yves, a niece of the defendant. This account was opened in 1910 by the defendant in his own name and remained subject to his own withdrawal until *342 February 27, 1936, when he signed a joint account agreement directing the bank to pay the balance or any part thereof to ‘William A. Freelove or Emma St. Yves, payable to either or survivor. ’ Of the $2478.98, the sum of $750 was cash belonging to Mrs. St. Yves, $250 of which was deposited on April 24, 1928, and $500 on January 31,1930.
The defendant had been ill for some time prior to January, 1938, and was attended by Mrs. St. Yves. There apparently was some talk between the defendant and his niece with regard to his physical condition and his fear of an early death. Some time before January, 1938, the Citizens Savings Bank Book was turned over over to Mrs. St. Yves. At the time of the application for Old Age Assistance the defendant had in his possession the Union Savings Bank book and exhibited it to the plaintiff’s agent.
1 find that the defendant did not transfer or assign the account standing in his name in the Citizens Savings Bank in contemplation of his filing an application for Old Age Assistance. 1 further find that he did not intentionally and so falsely and fraudulently withhold the information from the plaintiff as to the existence of the joint account. I do find that according to the rules and regulations of the Town, no aid would have been granted the defendant if he'had more than $300. 1 find that the defendant did retain an interest in the account with the Citizens Savings Bank and in view thereof find for the plaintiff in the sum of $1530.00.”
Both the plaintiff and defendant claimed to be aggrieved by the several rulings of the Court.
An action for money had and received may be maintained to recover money obtained by fraud or mistake. Gormley vs. Dangel, 214 Mass. 5, 8. Earle v. Whiting, 196 Mass. 371; See Worcester v. Quinn, 304 Mass. 276, 282, 283.
The findings of the Court for the plaintiff on the first count was correct.
We believe, further, that the plaintiff would be entitled to recover on the second count. It is true that the trial judge *343 found as a fact that the defendant “did not intentionally and” so falsely and fraudulently withhold the information from the plaintiff as to the existence of the joint account”. This finding, however, does not preclude recovery under the circumstances of this case. It is not always necessary to prove that the defendant knew the facts stated by him were false. If he states, as of his own knowledge material facts susceptible of knowledge, which are false, it is a fraud which renders him liable to the party who relies and acts upon the statements as true, and it is no defense that he believed the facts to be true. The falsity and fraud consist in representing that he knows the facts to be true, of his own knowledge, when he has not such knowledge. Litchfield v. Hutchinson, 117 Mass. 195, 197, 198.
There can be no recovery under the third count.
It is clear that the defendant retained an interest in the joint account. He did not make such an assignment or transfer of property as to render himself eligible to old age assistance.
The plaintiff’s second request for ruling was properly denied but its third request should have been allowed. The denial of this request was not prejudicial, however, as the plaintiff recovers under the first count all that he could recover under the second count.
There was no prejudicial error in the denial of the defendant’s requests for rulings.
There was no error in the exclusion of the questions to the witness St. Yves. All that the defendant hoped to prove by the answers expected to these questions was that the defendant did not make an assignment or transfer of his property within the meaning of G. L. chapter 118-A and/or that at the time of making The application for the “assistance” the defendant had no interest in the joint savings account. In view of the conclusions herein reached such answers would be immaterial.
*344 The only matter remaining for decision is whether the admission in evidence of the report of the “Area'Visitor” to the Town was correct. According to the record the plaintiff was allowed to introduce this “by virtue of G. L. chapter 233, section 76”. This statute is not applicable. In brief it provides that “copies” of books, papers, documents and records of any department of the Commonwealth, or of any city or town, authenticated, by the attestation of the officer who has charge of the same, shall be competent evidence in all cases equally with the original thereof” . . .
The report of the investigator here offered in evidence was not a copy. It was the original report. The real question then is, was this original report of the investigator admissible in evidence. It is plainly hearsay evidence and not admissible unless it is made so by some statute or by some common law exception to the hearsay rule.
Counsel have not cited any such statute, nor do we know of any.
By the common law of this Commonwealth if a public official is required by law to perform acts or to ascertain facts and also to record such acts or facts his record of such acts or facts is admissible in evidence. Jewett v. Boston Elevated Railway Co., 219 Mass. 528, 530, 531. Gurney v. Howe, 9 Gray 404, 407. Commonwealth v. Dorr, 216 Mass. 314, 319. Commonwealth v. Slavski, 245 Mass. 405, 415, 416.
But so far as there is evidence before us the “area visitor” was not required by law to ascertain the facts set forth in his report and certainly was not required to record them. See G. L. chapter 118-A Section 10 wherein the duties of the state department of public welfare, of which the area visitor was an employee or officer, are set forth.
*345 The admission in evidence of the report of the area visitor was error. But the defendant was not prejudiced thereby.
While testifying himself he admitted that he was one of the owners of the joint savings account and evidence, other than the report of the area visitor, proved he did not tell the authorities of the Town of the existence of this joint account when he made his application. (See defendant’s eighth request for rulings.)
Thus the material facts upon which we base our Opinion appear in evidence, and apparently uncontroverted, without the aid of this report of the area visitor.
There was no prejudicial error and the Report must be dismissed.